UNITED STATES of America,
Plaintiff-Appellee,

v.

Arthur Lloyd STONE, Defendant-Appellant.

No. 26867.

Summary Calendar.

United States Court of Appeals
Fifth Circuit.

May 22, 1969.

Lawrence L. LaGarde, Jr., Landrieu, Calogero & Kronlage, New Orleans, La., court-appointed, for appellant.

Louis C. LaCour, U. S. Atty., George P. Hand, Jr., Asst. U. S. Atty., New Orleans, La., for appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

**PER CURIAM:**

Following his plea of guilty to transporting a stolen automobile in interstate commerce in violation of Title 18, U.S. C.A. § 2312, and concealing it in violation of § 2313, Stone was sentenced to a term of three years on each count with the sentences to run consecutively. He appeals from the denial of his motion in arrest of judgment made pursuant to Rule 34, F.R.Crim.P. We affirm.[1]

Although Stone was originally indicted in the Northern District of Mississippi, his case was transferred to the Eastern District of Louisiana pursuant to Rule 20, F.R.Crim.P. At his arraignment, Stone requested that counsel be appointed to represent him. Counsel was appointed and the arraignment was continued for two weeks. Stone later requested and was granted another continuance. When he finally appeared for arraignment, Stone made an oral motion for a third continuance on the ground that without his prior knowledge or consent his arraignment was transferred from the judge before whom he originally appeared to another judge of the Eastern District of Louisiana. This motion was denied. Following his sentencing, Stone filed his motion in arrest of judgment urging that his case had been illegally transferred from one judge to another and that he had been illegally sentenced.

Stone's contention that a district judge cannot transfer his arraignment calendar to another district judge without the consent of the accused and his lawyer is patently frivolous. District judges may by rule, order or consent transfer cases between themselves. Title 28, U.S.C.A. § 137; Rule 57(b), F.R. Crim.P. Each judge of a multi-district court has the same power and authority as each other judge. Tanner Motor Livery, Ltd. v. Avis, Inc., 9 Cir. 1963,

1. Pursuant to new Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir. 1969, 409 F.2d 804, Part I.

316 F.2d 804. Moreover, District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice.

■ Stone also attacks his sentence as illegal on the ground that he received consecutive terms on two counts which constituted but one offense. This argument is foreclosed by Strother v. United States, 5 Cir., 1967, 387 F.2d 385.

Affirmed.