Robert A. GEORGINE, et al., on behalf of themselves and others similarly situated, Plaintiffs,

v.

AMCHEM PRODUCTS, INC., et al., Defendants, and Third–Party Plaintiffs,

v.

ADMIRAL INSURANCE COMPANY, et al., Third–Party Defendants.

Civ. A. No. 93–0215.

United States District Court, for the E.D. Pennsylvania.

Sept. 21, 1994.

Order Amplifying Decision Sept. 29, 1994.

David S. Shrager, Shrager, McDaid, Loftus, Flum and Spivey, Philadelphia, PA, Stephen J. Nolan, Nolan, Plumhoff and Williams, Chtd., Towson, MD, for plaintiffs.

William R. Hanlon, Wendy S. White, David Booth Beers, Elizabeth Runyon Geise, John D. Aldock, Shea & Gardner, Washington, DC, Edward Houff, Church & Houff, P.A., Baltimore, MD, John G. Gaul, Princeton, NJ, for defendants.

Charles B. Blakinger, R. Nicholas Gimbel, Michael T. Starczewski, Hoyle, Morris & Kerr, Philadelphia, PA, Theodore Voorhees, Jr., Lawrence J. Eisenstein, Rachel S. Kronowitz, Charles E. Buffon, Neil K. Roman, Russell H. Carpenter, Jr., Covington & Burling, Washington, DC, for third-party plaintiffs.

Philip L. Greenberg, John M. Fitzpatrick, James J. Rodgers, Dilworth, Paxon, Kalish & Kauffman, Philadelphia, PA, for American Bankers Ins. Co. of Florida, et al., third-party defendants.

Joseph M. Oberlies, Connor and Weber, P.C., Philadelphia, PA, for American Centennial Ins. Co., third-party defendant.

Michael E. McGilvery, Wright, Young & McGilvery, P.C., Plymouth Meeting, PA, for Admiral Ins. Co., third-party defendant.

Allan C. Molotsky, Post & Schell, P.C., Stephen F. Brock, Joseph G. Manta, Manta and Welge, Philadelphia, PA, Maryann C. Hayes, Donald B. Hilliker, Kathleen H. Klaus, Pope and John, Ltd., Chicago, IL, for Affiliated FM Ins. Co., et al., third-party defendants.

Norman L. Haase, Dunn, Haase, Sullivan, Mallon, Cherner & Broadt, Media, PA, R. Jeff Carlisle, Aaron L. Bowers, Lynberg & Watkins, Los Angeles, CA, for AIU Ins. Co., et al., third-party defendants.

Elit R. Felix, II, Margolis, Edelstein & Scherlis, Philadelphia, PA, for Allianz Ins. Co., et al., third-party defendants.

Walter H. Swayze, III, Liebert, Short & Hirshland, Philadelphia, PA, Virginia M. Vermillion, Phillip J. McGuire, Gleason, McGuire & Schreffler, Chicago, IL, for Allstate Ins. Co., as successor to Northbrook Excess and Surplus Ins. Co. and Northbrook Ins. Co., et al., third-party defendants.

Lawrence A. Nathanson, Wilson M. Brown, III, Drinker, Biddle & Reath, Philadelphia, PA, for American Motorists Ins. Co., et al., third-party defendants.

Stephen F. Brock, Joseph G. Manta, Manta and Welge, Thomas R. Newman, James H. Harrington, Christine L. Andreoli, Newman & Harrington, New York City, for American Re–Insurance Co., et al., third-party defendants.

Thomas C. Delorenzo, John S. Tucci, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, Linda B. Foster, Neely & Player, Atlanta, GA, for Atlanta International Ins. Co., third-party defendant.

Dorothy T. Attwood, Jay M. Levin, Cozen and O'Connor, Philadelphia, PA, for C.E. Heath Compensation and Liability Ins. Co., as successor to Employers' Surplus Lines Ins. Co., third-party defendant.

Butler Buchanan, III, William H. Black, Jr., Hecker, Brown, Sherry and Johnson, Philadelphia, PA, for Centennial Ins. Co., third-party defendant.

David E. Sandel, Jr., White and Williams, Lawrence M. Silverman, Silverman, Coopersmith, Hillman & Frimmer, Philadelphia, PA, for Central Nat. Ins. Co. of Omaha, third-party defendant.

Mitchell S. Pinsly, Philadelphia, PA, Henry E. Hockeimer, Jr., Steven K. Davidson, Daniel Sauls, Steptoe & Johnson, Washington, DC, for City Ins. Co., et al., third-party defendants.

Bernd G. Heinze, Wilson, Elser, Moskowitz, Edelman & Dicker, Philadelphia, PA, for Colonia Versicherung Aktiengesellschaft, et al., third-party defendants.

Robert R. Reeder, Cozen & O'Connor, Keith R. Dutill, Wendy G. Macy, John P. O'Dea, Lee A. Rosengard, Stradley, Ronon, Stevens & Young, Philadelphia, PA, Stephen C. Baker, Stradley, Ronon, Stevens & Young, Malvern, PA, Juliann J. Sum, Rodney L. Eshelman, Daniel M. Crawford, Russell Leibson, William Penner, Carroll, Burdick & McDonough, San Francisco, CA, for Columbia Cas. Co., third-party defendant.

Dorothy T. Attwood, Robert R. Reeder, Jay M. Levin, Cozen & O'Connor, Philadelphia, PA, for Commercial Union Ins. Co., as successor to Columbia Cas. Co., Employers Commercial Union Ins. Co., Employers Commercial Union Ins. Co. of America, and Employers' Liability Assurance Corp. Limited, et al., third-party defendants.

Thomas Richichi, Washington, DC, for Compagnie Europeenne de Reassurances, third-party defendant.

Daniel P. Lynch, Timby, Brown & Timby, Philadelphia, PA, Michael V. Corrigan, David A. Vann, Lyndon M. Tretter, Simpson, Thacher and Bartlett, New York City, for Constitution State Ins. Co., et al., third-party defendants.

Keith R. Dutill, Wendy G. Macy, John P. O'Dea, Lee A. Rosengard, Stradley, Ronon, Stevens & Young, Philadelphia, PA, Stephen C. Baker, Stradley, Ronon, Stevens & Young, Malvern, PA, Juliann J. Sum, Rodney L. Eshelman, Daniel M. Crawford, Russell Leibson, William Penner, Carroll, Burdick & McDonough, San Francisco, CA, for Continental Cas. Co., third-party defendant.

Jo Ann Burk, Cuyler, Burk & Matthews, Morristown, NJ, Michael J. Jones, Cuyler, Burk & Matthews, Parsippany, NJ, for Employers Mut. Cas. Co., third-party defendant.

Daniel P. Lynch, Timby, Brown & Timby, Philadelphia, PA, for Evanston Ins. Co., third-party defendant.

William P. Shelley, Cozen and O'Connor, Philadelphia, PA, for Federal Ins. Co., third-party defendant.

Donald P. Jacobs, Budd, Larner, Cross, Rosenbaum, Greenberg & Sade, P.C., Short Hills, NJ, Marc I. Bressman, Budd, Larner, Gross, Rosenbaum, Greenberg and Sade, P.C., Cherry Hill, NJ, for General Reinsurance Corp., et al., third-party defendants.

Michael J. Geraghty, Sean R. Kelly, David D'Aloia, Saiber, Schlesinger, Satz & Goldstein, Newark, NJ, E. Timothy Poindexter, Law Offices of William W. Kimball, Philadelphia, PA, for Gibraltar Cas. Co., et al., third-party defendants.

Mary A. Lopatto, Le Boeuf, Lamb, Leiby & MacRae, Washington, DC, for Government Employees Ins. Co., et al., third-party defendants.

David E. Sandel, Jr., White and Williams, Philadelphia, PA, Justin J. McCarthy, Exton, PA, Patrick J. Dwyer, Polstein, Ferrara & Dwyer, P.C., New York City, for Highlands Ins. Co., third-party defendant.

Wendy H. Koch, Rawle and Henderson, Philadelphia, PA, Kevin Barry McHugh, Carl H. Sword, Costello & Shea, New York City, for Houston General Ins. Co., third-party defendant.

Thomas C. Delorenzo, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, for Jefferson Ins. Co. of New York, third-party defendant.

Susan G. Fillichio, Kevin G. Costello, Sedgwick, Detert, Moran & Arnold, New York City, for La Preservatrice Fonciere tiard, individually and as successor to La Fonciere Assurances Transports Accidents and La Preservatrice, Le Secours, et al., third-party defendants.

Norman L. Haase, Dunn, Haase, Sullivan, Mallon, Cherner & Broadt, Media, PA, Aaron L. Bowers, Lynberg & Watkins, Los Ange-

les, CA, for Lexington Ins. Co., third-party defendant.

Rudolph Garcia, Saul, Ewing, Remick & Saul, Philadelphia, PA, Joseph L. Ruby, Thomas W. Brunner, William G. Miller, Samuel D. Walker, Antoinette M. Tease, Wiley, Rein and Fielding, Washington, DC, for Maryland Cas. Co., third-party defendant.

Allan C. Molotsky, Post & Schell, P.C., Philadelphia, PA, for Michigan Mut. Ins. Co., et al., third-party defendants.

Richard W. Yost, L'Abbate & Balkan, Philadelphia, PA, James W. Greene, Bromley, Greene & Walsh, Washington, DC, for National American Ins. Co. of California, as successor to the Stuyvesant Ins. Co., et al., third-party defendants.

Lawrence M. Silverman, Silverman, Coopersmith, Hillman & Frimmer, Philadelphia, PA, for Protective Nat. Ins. Co. of Omaha, third-party defendant.

Justin J. McCarthy, Patrick J. Dwyer, Polstein, Ferrara & Dwyer, P.C., New York City, for Ranger Ins. Co., third-party defendant.

Stephen P. Chawaga, Fitzpatrick and Tanker, Philadelphia, PA, Peter N. Hillman, Debra M. Patalkis, Chadbourne & Parke, New York City, Theresa W. Hajost, Chadbourne & Parke, Washington, DC, for Republic Ins. Co., third-party defendant.

Larry G. Cobb, Cobb, Raynor & Mandel, Bala Cynwyd, PA, Bethany K. Culp, Jeffrey J. Bouslog, Oppenheimer, Wolff & Donnelly, St. Paul, MN, for St. Paul Fire and Marine Ins. Co., individually and as successor to Birmingham Fire Ins. Co., et al., third-party defendants.

Lisa B. Zucker, German, Gallagher & Murtagh, Philadelphia, PA, David Holmes, Sheft & Sheft, Jersey City, NJ, for Stonewall Ins. Co., et al., third-party defendants.

Suzette D. Bonfiglio, Jubanyik, Varbalow, Tedesco, Shaw & Shaffer, Cherry Hill, NJ,

for Sun Alliance and London Ins. PLC, third-party defendant.

Wendy H. Koch, Rawle and Henderson, Philadelphia, PA, for Tokio Marine & Fire Ins. Co., Ltd., third-party defendant.

Michael P. Shay, Shay, Santee & Kelhart, Bethlehem, PA, James J. Duane, III, Taylor, Anderson & Travers, Boston, MA, for Unigard Security Ins. Co., as successor to Unigard Mut. Ins. Co., third-party defendant.

R. Jeff Carlisle, Aaron L. Bowers, Lynberg & Watkins, Los Angeles, CA, for Lexington Ins. Co., Ltd., et al., third-party defendants.

Steven R. Waxman, Kleinbard, Bell & Brecker, Philadelphia, PA, Glenn Bowers, James W. Orr, Bowers, Orr & Robertson, Columbia, SC, for National Continental Ins. Co. as successor to American Star Ins. Co., third-party defendant.

Marc I. Bressman, Budd, Larner, Gross, Rosenbaum, Greenberg and Sade, P.C., Cherry Hill, NJ, for Reliance Ins. Co., third-party defendant.

Daniel J. Maher, Kittredge, Donley, Elson, Fullem & Embick, Philadelphia, PA, for American Empire Surplus Lines Ins. Co., as authorized agent on behalf of Transport Indem. Co., third-party defendant.

*MEMORANDUM*

LOWELL A. REED, District Judge.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ISSUANCE OF PRELIMINARY INJUNCTION

**I. Introduction**

Currently before me is the motion of the Center for Claims Resolution ("CCR") defendants for an order confirming the court's issuance of a preliminary injunction restraining class members from initiating or prosecuting asbestos-related claims against the CCR defendants pending a final order in this proceeding (Document No. 1140), and the responses of various "objectors" thereto,[1]

---

1. The following individuals oppose the motion of CCR through a brief filed by the Baron & Budd firm: the Wiese Objectors, the White Lung Association of New Jersey Objectors, the Hertler Objectors, the Windsor Objectors, and California

Objectors Iona Cunningham, as representative of the estate of Charles Cunningham, and Twila Sneed. An additional brief was filed by the Baron & Budd firm on behalf of Richard R. Preston, Sr. and Louis C. Andersen. Moreover, Steven

having found that notice of the CCR defendants' motion was duly served upon counsel of record, the Court makes the following:

## II. Findings of Fact [2]

■■■ 1. On January 15, 1993, the complaint was filed in this action seeking damages for personal injury resulting from asbestos-exposure on behalf of a putative class defined as:

> (a) All persons (or their legal representatives) who have been exposed in the United States or its territories (or while working aboard U.S. military, merchant or passenger ships), either occupationally or through occupational exposure of a spouse or household member, to asbestos or to asbestos containing products for which one or more of the defendants may bear legal liability and who, as of January 15, 1993, reside in the United States or its territories, and who have not, as of January 15, 1993, filed a lawsuit for asbestos-related personal injury or damage, or death in any state or federal court against the defendant(s) (or against entities for whose actions or omissions the defendant(s) bear legal liability).
>
> (b) All spouses, parents, children, and other relatives (or their legal representatives) of the class members described in paragraph 1 above who have not, as of January 15, 1993, filed a lawsuit for the asbestos-related personal injury, or damage, or death of a class member described in paragraph 1 above in any state or federal court against the defendant(s) (or against entities for whose actions or omissions the defendant(s) bear legal liability).

2. Simultaneously with the filing of the complaint, the CCR defendants [3] filed an answer and the plaintiffs and defendants jointly filed a proposed stipulation of settlement ("Stipulation") and motion for conditional class certification.

3. On January 29, 1993, the Honorable Charles R. Weiner of this Court conditionally certified the opt-out class.

4. On October 6, 1993, this Court ruled that it had subject matter jurisdiction over this action. *Carlough v. Amchem Products, Inc.*, 834 F.Supp. 1437 (E.D.Pa.1993).

5. On October 27, 1993, this Court ruled that the notice plan submitted to the Court by the settling parties was adequate and comported with due process and ordered the dissemination of the notice pursuant to the plan. *Carlough v. Amchem Products, Inc.*, 1993 WL 472812 (E.D.Pa. Oct. 28, 1993).

6. Notice in accordance with the approved plan was disseminated commencing on November 1, 1993. Class members were given the opportunity to exclude themselves from the class by filing an appropriate exclusion form on or before January 24, 1994, at which time the opt-out period closed.

---

Kazan of Kazan, McClain, Edises & Simon, and Brad Seligman filed a brief in opposition to the motion of the CCR defendants on behalf of Aileen Cargile, Betty Francom, John Wong, John Soteriou, Harold Hans Emerich, and Thomas Corey. The law offices of Peter G. Angelos also filed an opposition on behalf of numerous class members that the law firm claims it represents.

2. Despite the objectors' argument that I cannot issue an injunction in this case because Judge Weiner's Order of January 29, 1993 expressly limits my "jurisdictional authority," because Judge Weiner and I are Article III district judges and therefore have equal authority, see *United States v. Stone*, 411 F.2d 597, 598–99 (5th Cir. 1969), and because it is permissible for two district judges to divide responsibilities to achieve an efficient management of a case, see 28 U.S.C. § 137, and because I have decided ancillary matters in the past without written order from Judge Weiner, see *Carlough v. Amchem Products, Inc.*,

834 F.Supp. 1437 (E.D.Pa.1993) (subject matter jurisdiction) and *Carlough v. Amchem Products, Inc.*, 1993 WL 472812 (E.D.Pa. Oct. 28, 1993) (approving notice plan), and because the parties have not been taken by surprise that I will rule on this motion, see Order of August 26, 1994, I have exercised my authority to resolve the present motion.

3. The CCR defendants are: Amchem Products, Inc., A.P. Green Industries, Inc., Armstrong World Industries, Inc., Asbestos Claims Management Corp. (formerly National Gypsum Company), Certainteed Corporation, C.E. Thurston and Sons, Inc., Dana Corp., Ferodo America, Inc., Flexitallic, Inc., GAF Corp., I.U. North America, Inc., Maremont Corp., National Service Industries, Inc., Nosroc Corp., Pfizer Inc., Quigley Company, Inc., Shook & Fletcher Insulation Company, T & N plc, Union Carbide Chemicals and Plastics Corp., United States Gypsum Company.

7. On March 17, 1993, several absent members of the *Carlough* class brought a putative state-wide class action in state court in West Virginia seeking a declaratory judgment that the Stipulation was unenforceable against West Virginia class members and not entitled to full faith and credit. *See Gore, et al. v. Amchem Products, Inc.,* C.A. No. 93-C-195. The CCR defendants sought, and were granted on May 5, 1993, a preliminary injunction by this Court, pursuant to the All-Writs Act, 28 U.S.C. § 1651 (1988) and the Anti-Injunction Act, 28 U.S.C. § 2283 (1970), barring further prosecution of the *Gore* action. I found that because "[n]o action can be further along than one already settled," the existence of the *Gore* action would be disruptive to the plaintiffs, defendants and this Court in the attempt to manage this callosal settlement. *See Carlough v. Amchem Products, Inc.,* 1993 WL 144901 (E.D.Pa. May 5, 1993). The injunction was affirmed by the Court of Appeals for the Third Circuit on December 1, 1993. *Carlough v. Amchem Products, Inc.,* 10 F.3d 189 (3d Cir.1993).

8. On August 16, 1994, after discovery and a full evidentiary hearing on the issue of fairness, this Court ruled that the Stipulation was fair to the class as a whole; that the class had been adequately and ethically represented by class counsel throughout the negotiations and the subsequent proceedings; and that notice to the class complied with Fed.R.Civ.P. 23 and the Due Process Clause. Accordingly, this Court approved the Stipulation as fair and finally certified the opt-out settlement class. The August 16, 1994 Order also provided that the "provisions of the Stipulation of Settlement, as amended, are hereby made part of the record in this case and as such shall have the full force and effect of an Order of this Court."

9. Section II of the Stipulation provides that:

> each Settlement Class Member, upon the Court's entry of an order approving the Stipulation as a good faith, ethical, fair, adequate, and reasonable settlement, and concluding that the Class of Claimants has received adequate notice and has been adequately and ethically represented by Class Counsel, shall be enjoined by that order from instituting or maintaining any claim or action for asbestos-related personal injury or damage against the CCR Defendant(s) or Additional Releasee(s) in any state or federal court, other than as set forth in this Stipulation.

Stipulation, Section II, at 10.

10. Since the expiration of the opt-out period, over 2,500 claims have been filed against one or more CCR defendants by individuals who did not file timely exclusion requests.[4] Without the relief sought here, class members will likely continue to pursue claims in other courts[5] and for the reasons discussed *infra*, I find that this continued litigation will immediately undermine and defeat the purpose and effect of the Stipulation now approved by this Court.

11. A timely exclusion request is a request, signed by an individual class member, postmarked on or before January 24, 1994, which provides a reasonable indication of the individual's desire to opt out. The CCR defendants have agreed to treat lawsuits filed prior to January 24, 1994, which is the date when the opt-out period terminated, as timely exclusion requests and this Court accepts that determination.

■ 12. On August 24, 1994, the CCR defendants moved for an order preliminarily enjoining class members from initiating or further prosecuting asbestos-related personal injury or death claims in duplicative proceed-

---

4. For example, on or about February 25, 1994, Vincent and Georgia Betty Greco, members of the *Georgine* class who did not file exclusion requests nor did they file suit prior to January 24, 1994, filed a lawsuit in the California Superior Court for Alameda County, Docket No. 731387-9, alleging that Mr. Greco had asbestos-related mesothelioma caused by occupational exposure to asbestos or asbestos-containing products manufactured or supplied by five CCR mem-

ber companies, specifically, GAF Corp., Armstrong World Industries, Inc., Turner & Newall PLC, Flexitallic, Inc., and Quigley Company, Inc.

5. Neither the submissions of the CCR defendants nor the objectors give any bases to demonstrate that the number of individual class members filing suit against CCR defendants will not continue to rise.

ings.[6] The CCR defendants' motion was served on all *pro se* litigants herein and approximately three hundred counsel of record either by Federal Express or United States mail. Counsel of record have stated, in their various filings during this litigation, that they represent substantially in excess of ten thousand putative class members.

13. I find that suits relating to the same asbestos-related personal injury and death claims that are subject to the *Georgine* complaint that have been and are to be filed after January 24, 1994, by class members who failed to opt out of this class action, and the supporting actions of their attorneys and other people acting in concert with them, have and would disrupt, undermine, and otherwise defeat the implementation of the Stipulation now approved by this Court. Moreover, the existence of these types of actions "substantially increase the cost of litigation, would create a risk of conflicting results, and would prevent the plaintiffs from benefitting from [the] settlement already negotiated...." *See Carlough*, 10 F.3d at 203 (quoting *In re Baldwin-United Corp.*, 770 F.2d 328, 333 (2d Cir.1985)). While it is impossible to determine with certainty the exact number of class members who will pursue such litigation, I find that the existence of over 2,500 claims filed against one or more of the CCR defendants by individuals who did not opt out of the class demonstrates a strong likelihood that these state court proceedings would ser-

iously impair this Court's authority to preside over the *Georgine* settlement. Here, because the settlement was negotiated over a lengthy period and is now approved, and because numerous evidentiary hearings have been held regarding the settlement, the existence of these actions by class members as described above would serve only to impair this Court's jurisdiction by frustrating the implementation of the *Georgine* settlement, and the receipt of benefits to the class as a whole, the defendants and the public.

14. If the injunction requested here is not issued, the CCR defendants will encounter claims by class members filed or pursued in multiple jurisdictions. As a result, the CCR defendants would be forced to defend the settled claims of class members in multiple jurisdictions and thus may be compelled to litigate the merits of the individual claims in courts all over the country. One result of which will be to undercut the financial planning and claims procedures provided in the Stipulation and, therefore, jeopardize the security of the existence of a fund to compensate class members for their injuries.

15. Because the August 16, 1994 Order of this Court finally certified the opt-out settlement class pursuant to Fed.R.Civ.P. 23(b)(3) and approved the Stipulation as fair to the class as a whole pursuant to Fed.R.Civ.P. 23(e), it is probable that the CCR defendants will prevail on the merits.[7]

---

**6.** While the pendency of duplicative *in personam* actions in state court would not usually justify enjoining litigants from pursuing the state court actions, a federal court can enjoin the state proceedings where a federal court is on the verge of settling a complex matter, and the state court proceedings may undermine the federal court's ability to achieve that objective. *Standard Microsystems Corp. v. Texas Instruments*, 916 F.2d 58, 60 (2d Cir.1990); *In re Baldwin-United Corp.*, 770 F.2d at 337.

**7.** Certain objectors argue that because the implementation of the settlement depends on the resolution of claims in Count One of CCR's third party complaint which Judge Weiner will resolve, I cannot find that a likelihood of success on the merits exists in the present case. I find, however, that because the major hurdle to the implementation of this settlement was the approval as fair of the settlement agreement, and because to the extent that Rule 65 is applicable, all I must find is that the CCR defendants have

shown a likelihood of success on the merits, I find that it is likely that the CCR defendants will succeed on the merits. *See S & R Corp. v. Jiffy Lube Intern., Inc.*, 968 F.2d 371, 375 (3d Cir. 1992) ("All four factors should favor preliminary relief before the injunction will issue"); *Hoxworth v. Blinder, Robinson & Co.*, 903 F.2d 186, 197 (3d Cir.1990) (must show likelihood of success on merits *and* probability of irreparable harm if relief is not granted). *See also Hunt v. Commodity Futures Trading Comm.*, 93 B.R. 484, 492 (N.D.Tex.Bankr.Ct.1988) (applying Fifth Circuit's "sliding scale test, 'balancing the hardships associated with the issuance or denial of a preliminary injunction with the degree of likelihood of success on the merits' " and noting Second Circuit's relaxed standard which includes a demonstration of irreparable harm and *either* (1) likelihood of success on the merits or (2) a question necessary for resolution through litigation and a balance of the hardships tipping decidedly toward the moving party); *Ahern v. Fibreboard*

16. If an injunction is not issued, the CCR defendants would suffer immediate and irreparable harm because the cost and time expended defending claims in multiple jurisdictions would likely result in the disintegration of the *Georgine* settlement and costs incurred by the CCR defendants from years of negotiation and court proceedings would be lost. Simply, forcing the CCR defendants to defend themselves in multiple actions would unduly burden the CCR defendants and the fund CCR administers for the benefit of all class members.

17. Although some members of the class who file claims in other courts, who have not opted out of this action, could possibly theoretically suffer some harm due to the issuance of this injunction, in the form of (1) a decreased measure of potential damage awards, and (2) a possible delay in receipt of those awards, those injuries would be mitigated by the ability to settle or try their claims against other asbestos manufacturers who are not members of CCR for substantial sums of money, and by the benefits provided by the *Georgine* settlement, which are presently available to class members.[8] Some benefits that these class members would acquire from the *Georgine* settlement are the elimination of the risk of having to prove liability as they would under the applicable law, a negotiated settlement for cash sums due under the claims procedure or extraordinary claims procedure, security that funds will be available to compensate them for future illnesses due to exposure to asbestos, and the availability of damages for pain and suffering after a claimant suffering from mesothelioma dies. *See* Stipulation, Section VIII, at 57–57a. Because the Stipulation has been approved as fair, and because class

members would be fairly compensated for injuries caused by asbestos manufactured or distributed by CCR defendants under the terms of the Stipulation, and because of the other benefits provided by the *Georgine* settlement, I find that the harm incurred by class members from the issuance of this injunction would neither be irreparable nor substantial.[9]

18. Any harm to the interests of class members by the issuance of this preliminary injunction also will be mitigated because the filing of the complaint in this action has operated to toll any statute of limitation that otherwise might be running in favor of the CCR defendants. *See Crown, Cork & Seal Company v. Parker*, 462 U.S. 345, 350, 103 S.Ct. 2392, 2395–96, 76 L.Ed.2d 628 (1983); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 550–53, 94 S.Ct. 756, 764–66, 38 L.Ed.2d 713, *reh'g denied*, 415 U.S. 952, 94 S.Ct. 1477, 39 L.Ed.2d 568 (1974); *Philadelphia Electric Co. v. Anaconda American Brass Co.*, 43 F.R.D. 452, 460–61 (E.D.Pa. 1968). *See also Ahern*, C.A. No. 6:93cv526, at ¶ 40.[10]

19. Based on Findings of Fact ¶¶ 13, 14, and 16–18, I find that the benefits to the CCR defendants from an injunction are not outweighed by any concerned irreparable injury to absent class members.

20. I find that the public would benefit from the issuance of an injunction. The public interest would not be served by permitting the burdensome and costly asbestos litigation to continue to proceed against the CCR defendants in multiple proceedings across the United States. As discussed in detail in this Court's August 16, 1994 memorandum opinion, resolution of asbestos claims under the *Georgine* Stipulation will *inter*

*Corp.*, C.A. No. 6:93cv526, ¶ 12, (E.D.Tex., Tyler Civ. Sept. 28, 1993) (same).

**8.** The CCR began receiving and processing claims under the terms of the Stipulation immediately upon the close of the opt-out period.

**9.** In addition, as aforementioned, because class members can presumably make a full recovery for all damages suffered from other defendants who are not members of CCR, the harm to class members from the issuance of an injunction is mitigated.

**10.** The harm to class members from the issuance of this injunction also is significantly mitigated by the fact that this is an "opt out" class action. If class members desired to bring their claims in state court, they simply could have excluded themselves from the class. *See Carlough*, 10 F.3d at 203–04 ("we agree with the district court findings that judicial precedent as well as the preemptive cast of the *Gore* suit and *the recent establishment of the opt out period* overcome the reluctant disposition of the courts to issue a necessary in aid injunction.") (emphasis added).

*alia,* lower costs, shorten delays, produce consistent results, and provide assurance that compensation will be available to class members who suffer from asbestos-related ailments in the future while not burdening the system unless and until that future date arrives.

### III. Conclusions of Law

21. This Court has previously concluded that it has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 as the named parties are of diverse citizenship and the amount in controversy for each member exceeds $50,000. *Carlough,* 834 F.Supp. 1437.

22. Because class members received reasonable notice, see Findings of Fact ¶¶ 5, 6, 8, 12, had an opportunity to be heard, to meaningfully partake in the litigation and were adequately represented, see Finding of Fact ¶ 8, and had an opportunity to opt out from the class, see Findings of Fact ¶¶ 5, 6, this Court has jurisdiction over class members for the purposes of this injunction. *See Carlough,* 10 F.3d at 199–200.[11]

23. I conclude that the efforts made by the CCR defendants to provide notice to class members of the present motion of the CCR defendants were effective and adequate.

24. This Court has authority pursuant to the All–Writs Act, 28 U.S.C. § 1651 (1988)[12] and the Anti–Injunction Act, 28 U.S.C. § 2283 (1970)[13] to issue an injunction if the relief is necessary in aid of this Court's jurisdiction over the class action.

25. For the reasons stated in Findings of Fact ¶¶ 13, 14, 16, 19, and 20, the issuance of an injunction restraining class members who have not excluded themselves from the class, their attorneys, and all other persons acting in concert with them, from initiating or pursuing their asbestos-related personal injury or death claims against any CCR defendant in any court other than this Court is necessary in aid of this Court's jurisdiction.[14] *See*

---

**11.** The arguments of the objectors relating to the ability of class members to opt out has been decided by this Court on October 27, 1993 and on August 16, 1994. Simply, the objectors have not provided any new substantive grounds to demonstrate that notice to the class in this case was not reasonable or that their ability to opt out was impaired. *See Carlough,* 10 F.3d at 201 ("Nevertheless, once the district court approved the dissemination of notice and commenced the opt out period pursuant to its October 27, 1993 order, the [personal] jurisdictional problem was resolved.").

Furthermore, certain class members argue that because their counsel filed a motion to certify an opt out class of California residents, they have "squarely raise[d] issues of personal jurisdiction for a large number of California class members." This argument has no merit. These class members were provided with a method to individually opt out of this class action. They chose to utilize their own improper method and hence, did not effectively exclude themselves from the class. As well, Judge Weiner in his Order of September 2, 1994 (Document No. 1156) denied the motion to certify a so-called opt-out class. In any case, the failure of these class members to comply with the reasonable procedures for exclusion has no bearing on whether the exercise of jurisdiction over them offends traditional notions of fair play and substantial justice. *Carlough,* 10 F.3d at 199. For the reasons stated in Conclusions of Law ¶¶ 22 and 23, this Court has personal jurisdiction over those class members.

**12.** The All–Writs Act provides in part that:

The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.
28 U.S.C. § 1651.

**13.** The Anti–Injunction Act provides that:
A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.
28 U.S.C. § 2283.

**14.** The citation by certain objectors of *In re Temple,* 851 F.2d 1269, 1272 n. 4 (11th Cir.1988), and their argument for the need for an identifiable "res" in order to stay a state court litigation under the Anti-injunction Act is meritless. First, as both this Court and the Court of Appeals for the Third Circuit stated when this issue was raised relating to the *Gore* action, mandatory class actions have more jurisdictional hurdles to overcome than an *opt-out* class action. Second, the *footnote* in *In re Temple* merely suggested that one basis for the district court's authority in that case to issue an injunction in aid of its jurisdiction would be if monies representing the limited fund were tendered to the district court. As a result, the depletion of the fund by state courts would destroy the district court's jurisdiction.

Here, this Court has previously determined that it has jurisdiction both over the subject

*In re Baldwin–United Corp.*, 770 F.2d at 337 ("[T]he potential for an onslaught of state action posed more than a risk of inconvenience or duplicative litigation, rather, such a development threatened to 'seriously impair the federal court's flexibility and authority' to approve settlements in the multi-district litigation."); *Carlough*, 10 F.3d at 202 (same); *In re Asbestos School Litigation*, 1991 WL 61156 at *1 (E.D.Pa. Apr. 16, 1991), *aff'd mem.*, 950 F.2d 723 (3d Cir.1991) ("At this juncture, where the potential for resolution is gaining momentum in anticipation of trial, this court's ability to oversee a possible settlement would be 'seriously impaired' by the continuing litigation of parallel state actions such as [that of the nonmoving party's].").

26. The issuance of an injunction in this case under the All–Writs Act and the Anti–Injunction Act is supported by authority both in and out of this jurisdiction. *See Carlough*, 10 F.3d at 199–200; *In re Asbestos School Litigation*, 1991 WL 61156; *Ahern*, C.A. No. 6:93cv526; *In re Baldwin–United Corp.*, 770 F.2d 328; *In re Corrugated Container Antitrust Litigation*, 659 F.2d 1332 (5th Cir. Unit A Oct. 1981), *cert. denied, Three J Farms, Inc. v. Plaintiffs' Steering Comm.*, 456 U.S. 936, 102 S.Ct. 1993, 72 L.Ed.2d 456 (1982); *Battle v. Liberty Nat'l Life Ins. Co.*, 877 F.2d 877 (11th Cir.), *reh'g denied, en banc*, 887 F.2d 1093 (11th Cir.1989); *Standard Microsystems Corp.*, 916 F.2d 58; *James v. Bellotti*, 733 F.2d 989 (1st Cir.1984).[15]

27. In addition, based on Findings of Fact ¶¶ 5, 6, 8, and 9, the issuance of an injunction restraining class members who have not opted out, their attorneys, and all other persons acting in concert with them, from initiating or pursuing their asbestos-related personal injury or death claims against any CCR defendant in any court other than this Court is appropriate because the August 16, 1994 Order of this Court incorporating therein the Stipulation of Settlement forms a basis for prohibiting them from pursuing an action against the CCR defendants in any other court.

 28. When ruling on a motion for a preliminary injunction, a district court should, in applying Fed.R.Civ.P. 65,[16] consider the following four factors: (1) the likelihood that the moving party will prevail on the merits at final hearing; (2) the extent to which the moving party is being irreparably harmed by the conduct complained of; (3) the extent to which the nonmoving parties will suffer irreparable harm if the preliminary injunction is issued; and (4) the public interest. *S & R Corp.*, 968 F.2d at 374. All four factors should favor the requested relief before an injunction is issued. *Id.*

29. Because I have found that, (1) there is a fair probability of eventual success on the merits, see Finding of Fact ¶ 15 and *supra* note 7; (2) the CCR defendants will be irreparably harmed if they are forced to

matter and, primarily because of the ability of class members to opt out, jurisdiction over the person. ·Because this Court has independent grounds for jurisdiction, the lack of a transfer to this Court of the funds involved in this case does not preclude the issuance of an order to preserve this Court's jurisdiction. In fact, courts have found that the jurisdiction of a multidistrict court is analogous to a court *in rem* because where a class action is far advanced, the proceeding is the virtual equivalent of a *res* over which the district judge requires full control. *See In re Baldwin–United Corp.*, 770 F.2d at 337.

15. In regards to the argument by certain objectors that this Court may not enjoin ·collateral proceedings in other forums because such an injunction would allow the court to effectively predetermine the *res judicata* effect of its own judgments, I adopt the reasoning expressed by the Court of Appeals for the Second Circuit in *In re "Agent Orange" Product Liability Litigation*, 996 F.2d 1425, 1432 (2d Cir.1993), and, there-

fore, I find the objectors' argument to be unavailing.

16. Although I have previously determined in my May 5, 1993 memorandum that "the prerequisites for equitable relief under Rule 65 do not apply to [a] preliminary injunction [grounded on the All–Writs Act]," because the Court of Appeals for the Third Circuit has expressly declined to decide whether Rule 65 in fact applies, see *Carlough*, 10 F.3d at 198 n. 6, I will conduct the appropriate analysis under Rule 65. *See Carlough*, 1993 WL 144901 at *8. *See also In re Glenn W. Turner Enterprises Litigation*, 521 F.2d 775, 778 (3d Cir.1975) ("The order of the district court as applied to class members, therefore, may be viewed not as an injunction restraining class members from prosecution of other actions, but as a directive facilitating the orderly and efficient management of the class actions"); *In re Asbestos School Litigation*, 1991 WL 61156 at *3 (same).

defend the claims of class members in multiple jurisdictions, see Findings of Fact ¶¶ 13, 14, 16; (3) the benefits to the CCR defendants from an injunction are not outweighed by any irreparable injury to absent class members who have not excluded themselves from the class, see Findings of Fact ¶¶ 13–18; and (4) the public interest will be served by prohibiting class members from pursuing their action against the CCR defendants in the state courts, see Finding of Fact ¶ 20, I conclude that the issuance of an injunction is warranted. *See Baldwin–United Corp.*, 770 F.2d at 337 ("If states or others could derivatively assert the same claims on behalf of the same class or members of it there could be no certaintly [sic] about the finality of any federal settlement.").

 30. As a general rule, the timely filing of a notice of appeal immediately confers jurisdiction on a Court of Appeals and divests a district court of its control over those aspects of the case involved in the appeal. *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir.1985); *H. Brad Kerr v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 1987 WL 14515 at *2 n. 1 (E.D.Pa.1987). However, during the pendency of an appeal, a district court is *not* divested of jurisdiction to modify, restore or grant injunctions. *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 97 (3d Cir.1988); *H. Brad Kerr*, 1987 WL 14515 at *2 n. 1 (enjoining defendant from commencing any action in state or federal court based on Anti–Injunction Act, 28 U.S.C. § 2283, despite the filing of a notice of appeal). Here, notices of appeal have been filed some of which state that they relate to the injunctive effect of my August 16, 1994 Order (Document No. 1134). I conclude that the bases for the instant injunction, *i.e.*, "necessary in aid of this Court's jurisdiction,"

Conclusion of Law ¶ 25, are not the grounds for the injunction issued on August 16, 1994. Accordingly, because the filing of notices of appeal does not divest this Court of jurisdiction to grant injunctions, and because the issue relating to the present injunction is different from that presently on appeal, I conclude that this Court has jurisdiction to issue the instant injunction.

An appropriate Order for preliminary injunction follows.

### PRELIMINARY INJUNCTION

**AND NOW**, this 21st day of September, 1994, upon consideration of the motion of the Center for Claims Resolution ("CCR") defendants for an order confirming the court's issuance of a preliminary injunction restraining class members from initiating or prosecuting asbestos-related claims against the CCR defendants pending a final order in this proceeding (Document No. 1140), and the responses of various "objectors" thereto, having found that notice of the CCR defendants' motion was sent to almost three hundred counsel of record either by Federal Express or the United States mail, and based upon the attached Findings of Fact and Conclusions of Law, it is hereby **ORDERED** that the motion is **GRANTED** and, therefore, all members of the class certified by the Court by Order dated August 16, 1994, and each of them, who have not individually filed timely Exclusion Requests,[1] their respective attorneys and all persons acting in concert with them and who receive a copy of this injunction or notice of the existence of this injunction, are hereupon **PRELIMINARILY ENJOINED AND PROHIBITED** from initiating or maintaining any asbestos-related personal injury or death claim(s) or lawsuit(s) against any CCR defendant[2] in any court,

1. A timely exclusion request is a request, signed by an individual class member, postmarked on or before January 24, 1994, which provides a reasonable indication of the individual's desire to opt out. The CCR defendants have agreed to treat lawsuits filed prior to January 24, 1994, which is the date when the opt-out period terminated, as timely exclusion requests and this Court accepts that determination.

2. The CCR defendants are: Amchem Products, Inc., A.P. Green Industries, Inc., Armstrong

World Industries, Inc., Asbestos Claims Management Corp. (formerly National Gypsum Company), Certainteed Corporation, C.E. Thurston and Sons, Inc., Dana Corp., Ferodo America, Inc., Flexitallic, Inc., GAF Corp., I.U. North America, Inc., Maremont Corp., National Service Industries, Inc., Nosroc Corp., Pfizer Inc., Quigley Company, Inc., Shook & Fletcher Insulation Company, T & N plc, Union Carbide Chemicals and Plastics Corp., United States Gypsum Company.

either by way of commencing litigation, intervening in existing litigation, joining a CCR defendant in any existing litigation, or in any other manner asserting such a claim, or further prosecuting any claim filed after January 24, 1994, except to arrange for deferral of an action filed on or before the date of this Order until the issuance of final judgment on the merits of this case.

**IT IS FURTHER ORDERED** that service of this Order (a) by Federal Express, by regular United States mail, or by facsimile upon *pro se* persons and counsel who have entered an appearance in this case and upon counsel who have filed cases in court on behalf of class members that are now subject to this injunction; (b) by Federal Express, by regular United States mail, or by facsimile to all of the following asbestos litigation reporting services: Asbestos Litigation Reporting Service, P.O. Box 248, Chalfont, PA 18914; Andrews Publications, P.O. Box 1000, Westtown, PA 19395; or Mealeys Publications Inc., P.O. Box 446, Wayne PA 19087–0446; and (c) by facsimile to *USA Today*, the *National Law Journal*, and the *Legal Times*, no later than the 1st day of October, 1994 shall at this time constitute reasonable and sufficient notice to the class of the existence of this preliminary injunction.

**IT IS FURTHER ORDERED** that the CCR defendants shall post a five hundred dollar ($500.00) cash bond or a form of security that is satisfactory to the Clerk of Court, upon which the injunction issued here shall become effective.

**IT IS FURTHER ORDERED** that this Order shall remain in effect until further Order of this Court. Any request for a permanent injunction shall be directed to Judge Weiner for his consideration in issuing a final Order in this action.

### ORDER

**AND NOW,** this 29th day of September, 1994, pursuant to Third Circuit Local Appellate Rule 3.1, having found that it would be helpful to amplify my September 21, 1994 "Findings of Fact and Conclusions of Law In Support of Issuance of Preliminary Injunction" in this matter (Document No. 1198), and having no intention to change or modify the result and having, therefore, found that the following change is for amplification purposes *only*, it is hereby **ORDERED** that the following Conclusion of Law shall be added as Conclusion of Law, paragraph 30:

[Editor's Note: Conclusion incorporated for purposes of publication.]