**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELISSA MORTON, AKA Melissa Ann Morton, AKA Melissa Thomson Morton, AKA Melissa Thomson, AKA Melissa Ann Thomson; et al., | No.    20-56099 |
| Plaintiffs-Appellants, | D.C. No. 8:19-cv-01957-PSG-ADS |
| v. | MEMORANDUM* |
| UNITED STATES OF AMERICA | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, Chief District Judge, Presiding

Argued and Submitted November 16, 2021
Pasadena, California

Before:  BERZON and RAWLINSON, Circuit Judges, and ANTOON,** District Judge.

Appellants appeal the district court's dismissal of their quiet title action

against the United States for lack of subject-matter jurisdiction. We have

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

jurisdiction under 28 U.S.C. § 1291. We review the district court's dismissal de novo, *DaVinci Aircraft, Inc. v. United States*, 926 F.3d 1117, 1122 (9th Cir. 2019), and we affirm.

Appellants claim ownership of real property located at 8801 Riderwood Drive in Sunland, California. They brought this suit against the United States to quiet title to that property. Specifically, Appellants sought to remove a cloud on the title caused by two instruments related to a previous lawsuit: a 2007 notice of lis pendens recorded by the United States and a 2008 default judgment obtained by the United States against a prior lienholder. Shortly after receiving the complaint, the United States filed a disclaimer with the district court disclaiming "any interest in the real property that is the subject of this quiet-title action." The district court confirmed this disclaimer and dismissed the case for lack of subject-matter jurisdiction. Appellants timely appealed, arguing that the district court erred in dismissing the case because the United States did not specifically disclaim the lis pendens and default judgment by instrument number.

The doctrine of sovereign immunity shields the United States from suit except where it has consented to be sued. *United States v. Bormes*, 568 U.S. 6, 9 (2012). The Quiet Title Act waives the sovereign immunity of the United States as necessary to "adjudicate a disputed title to real property in which the United States claims an interest." 28 U.S.C. § 2409a(a). But "[i]f the United States disclaims all

2

interest in the real property or interest therein adverse to the plaintiff at any time prior to the actual commencement of the trial, which disclaimer is confirmed by order of the court, the jurisdiction of the district court shall cease." § 2409a(e).

Appellants' contention on appeal that the disclaimer was insufficient because it did not specifically reference the lis pendens and default judgment by instrument number is without merit. The United States disclaimed "*any* interest" in the subject property. This unrestricted language necessarily includes the lis pendens and the default judgment to whatever extent those instruments represented interests claimed by the United States in the first place. *See, e.g.*, Webster's Ninth New Collegiate Dictionary 93 (1989) (defining "any" as a synonym of "all"). Once the United States filed its disclaimer of interest and the district court confirmed that disclaimer, the court's jurisdiction to hear the case ceased under the plain terms of § 2409a(e). Dismissal was therefore proper.[1]

**AFFIRMED.**

---

[1] Appellants' challenge to the assignment of this case to Judge Gutierrez lacks merit. *See Marshall v. Marshall (In re Marshall)*, 721 F.3d 1032, 1040 (9th Cir. 2013) (observing that "judges are vested with 'inherent' authority to transfer cases among themselves 'for the expeditious administration of justice'" (quoting *United States v. Stone*, 411 F.2d 597, 598 (5th Cir. 1969) (per curiam))).