[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12360

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JUAN CARLOS SANTIAGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cr-00398-VMC-AEP-2

_____

Before LUCK, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Juan Carlos Santiago appeals his sentence of sixty months' imprisonment for conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. He argues that the district court erred by reassigning his case to a new judge after his previous sentence was vacated on appeal as procedurally unreasonable. After careful review, we affirm.

## I.    BACKGROUND

Santiago was charged in a superseding indictment with one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846 (Count One), and another count of possession with intent to distribute and distribution of 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) (Count Three). Santiago pleaded guilty to Count One under a written plea agreement. Under the agreement, the government agreed to the dismissal of Count Three.

At sentencing, the district court calculated a guideline range of 87 to 108 months' imprisonment. The government moved for a two-level downward departure based on Santiago's substantial assistance, arguing for a seventy-month sentence. Santiago requested

that the district court vary downward to a sixty-month sentence. The district court ultimately sentenced Santiago to time served and five years of supervised release. We vacated that sentence, holding that the district court procedurally erred in failing to state the reasons for Santiago's below-guidelines non-custodial sentence. *See United States v. Santiago*, 853 Fed. App'x 424 (11th Cir. 2021).

On remand, Santiago's case was reassigned to a new district judge without explanation. At the resentencing hearing, that judge conducted a fresh analysis of the sentencing factors, rather than putting herself "in the shoes of the original sentencing judge." Neither party objected to the reassignment nor moved for the case to be reassigned to the original sentencing judge.

The district court adopted the same guideline range of 87 to 108 months' imprisonment. And it granted the government's motion for a two-level downward departure for substantial assistance, lowering the range to 70 to 87 months. The government requested a sentence between 60 and 70 months, and Santiago requested a sentence of home detention. The court concluded that Santiago's crime warranted a more substantial sentence than what was previously imposed. The court sentenced Santiago to sixty months' imprisonment and five years of supervised release. Santiago appealed.

## II.    STANDARD OF REVIEW

We review both a district court's management of its docket and its application of its own local rules for abuse of discretion. *See United States v. McLean*, 802 F.3d 1228, 1233 (11th Cir. 2015);

*Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009). We give "great deference" to a district court's interpretation of its own rules, vacating a decision only if the challenging party shows a "clear error of judgment." *McLean*, 802 F.3d at 1233. A district court abuses its discretion when it applies an incorrect legal standard, unreasonably or incorrectly applies the law, follows incorrect procedures, or makes clearly erroneous factual findings. *Id.*

Unpreserved sentencing objections are reviewed for plain error. *See United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). On plain-error review, we, at our discretion, may correct an error when the defendant shows: (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *Rosales-Mireles v. United States*, 585 U.S. ___, 138 S. Ct. 1897, 1904–05, 1908–09 (2018). When these three factors are met, we may exercise discretion and correct the error if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* at 1905 (quotation marks omitted). An error is plain when it contradicts an applicable statute, rule, or on-point precedent. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003).

## III.    DISCUSSION

On appeal, Santiago argues that the district court erred by reassigning his case upon remand. He argues that this Court's decision to remand his case did not require reassignment, and that no factors were present which required reassignment. He also argues

that the original sentencing judge could have put aside her prior views and conducted the resentencing. The government responds that a criminal defendant has no right to be resentenced by the same judge that imposed his original sentence. It contends that the district court has broad discretion in managing its own docket and did not err by reassigning the case. For the reasons given below, we affirm.

Case reassignment is governed by the district court's local rules. The local rules of the Middle District of Florida allow the judge to whom the clerk has assigned an action to transfer it "at any time and for any reason" if the transferee judge consents. M.D. Fla. L. R. 1.07(a)(2)(A). We have held that "[d]istrict [j]udges have the inherent power to transfer cases from one to another for the expeditious administration of justice." *United States v. Stone*, 411 F.2d 597, 599 (5th Cir. 1969).

There is no binding authority establishing a right to be resentenced by the same judge that imposed an original sentence or showing that the district court erred in reassigning this case without explanation. Instead, Santiago relies on decisions affirming that an appellate court ordering a district court to reassign a case to a new judge is an extraordinary remedy. *See, e.g.*, *United States v. Waknine*, 543 F.3d 546, 559–60 (9th Cir. 2008) (when there are no allegations of judicial bias, the court of appeals employs a multi-factor test to determine whether "unusual circumstances" justify remanding to a different judge). But none of the decisions Santiago relies on affect a district court's authority to transfer or reassign

cases at its discretion, consistent with its local rules, which is what occurred here. On the contrary, they merely reaffirm the district court's broad authority over its own docket.

The district court's decision to reassign Santiago's case on remand was a reasonable exercise of its broad discretion to control its own docket under its local rules. Santiago has therefore failed to show that the district court abused its discretion. Nor has he shown that the reassignment, which was unopposed, was plainly erroneous. *Vandergrift*, 754 F.3d at 1307. He makes no argument that reassignment contradicted an applicable statute, rule, or on-point precedent. Nor does he explain how reassignment—and the resentencing judge's subsequent decision to impose a below-guidelines sentence—harmed his "substantial rights" or the "fairness, integrity, or public reputation of the judicial proceedings." *Id.*

**AFFIRMED.**