[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-12820

Non-Argument Calendar

_____

CARLTON EUGENE HOOKER, JR.,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-00537-KKM-MRM

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Carlton Hooker, Jr., appeals pro se the district court's order dismissing his pro se civil complaint that alleged damages under the Federal Torts Claims Act based on the Department of Veterans Affairs' (VA) decision to ban him from Bay Pines Veterans Affairs Healthcare System (Bay Pines) and alleging damages related to his future employment opportunities. In a prior action, the district court enjoined Hooker from "filing any new action, complaint, or claim for relief against the Secretary of Veterans Affairs related to his employment . . . without a signature from a member of the Florida Bar who is admitted to practice in the Middle District of Florida." In the instant case, the district court dismissed the complaint as violative of the pre-filing injunction and modified the pre-filing injunction to enjoin Hooker from filing any additional lawsuits against any agency of the United States related to his employment *or* the ban, unless signed by an attorney.

Hooker argues that the district court erred in dismissing his complaint, as Judge Tom Barber, the judge who signed the order in the instant case, was not the judge initially assigned to the case. He further contends that the court erred in modifying his pre-filing injunction to more comprehensively cover Hooker's vexatious claims based on the VA's decision to ban him from Bay Pines. After careful review of the record, we **AFFIRM.**

## I.

We review for abuse of discretion a dismissal, pursuant to Rule 41(b), based on the violation of a court order. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999) (per curiam). We review an injunction against litigants who abuse the court system for an abuse of discretion. *Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (per curiam).[1] In general, a legal claim or argument not briefed on appeal is deemed forfeited, and its merits will only be addressed in extraordinary circumstances. *United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022) (en banc).

Federal courts have the power to manage their own dockets. *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) ("District courts have unquestionable authority to control their own dockets." (internal quotation marks omitted)). That power "includes broad discretion in deciding how best to manage the cases before them." *Id.* (internal quotation marks omitted). According to the Middle District of Florida Local Rules, judges may transfer actions "at any time and for any reason" if the transferee judge consents. M.D. Fla. R. 1.07(a)(2)(A).

In addition to the power to manage their dockets, district courts possess the power to issue prefiling injunctions "to protect against abusive and vexatious litigation." *Martin-Trigona v. Shaw*,

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

986 F.2d 1384, 1387 (11th Cir. 1993) (per curiam).  We have explained that a court has "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others" and that a litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief" as long as he is not "completely foreclosed from *any* access to the court."  *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc).

## II.

Hooker identifies only one issue on appeal: "Plaintiff complains of a violation of Canon 3(A)(2) of the Code of Conduct of the United States Judges by the District Court . . . ."  He does not brief or address the merits of the district court's decision to dismiss his complaint as a violation of the pre-filing injunction.  So as an initial matter Hooker has abandoned any argument that we should find reversible error in the district court's decision.

However, to be crystal clear for Hooker, the district court did not abuse its discretion.  The original pre-filing injunction barred Hooker from filing a "any new action, complaint, or claim for relief against the Secretary of Veterans Affairs related to his employment . . . ."  Though Hooker couched his complaint in terms of the "ban" and medical services, the district court was not bound to accept Hooker's evasive pleading.  Indeed, the district court was within its discretion to judicially notice the long history of Hooker's complaints regarding Bay Pines and to notice that the "ban" was imposed as a result of Hooker's interactions with Bay

Pines following the termination of his employment there. *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts."). Here, the district discussed Hooker's history of abusive litigation and found no meaningful distinction between those prior cases challenging the ban directly and this case seeking damages for the enforcement of the ban. D.E. 16 at 2–3. Further, Hooker's complaint by its terms also sought damages for "denial of employment opportunities." D.E. 1 ¶ 36. Thus, the district court did not abuse its discretion in dismissing under the pre-filing injunction because Hooker's complaint "related to his employment."

Turning to Hooker's allegations of violations of the judicial Code of Conduct, his arguments are without merit. First, because Judge Barber was not disqualified from this case, he cannot have violated Canon 3(A)(2). Second, we find no reversible error in the fact that Judge Barber signed the order dismissing Hooker's complaint rather than Judge Mizelle. "District judges may by rule, order or consent transfer cases between themselves. Each judge of a multi-district court has the same power and authority as each other judge. Moreover, District Judges have the inherent power to transfer cases from one to another for the expeditious administration of justice." *United States v. Stone*, 411 F.2d 597, 598 (5th Cir. 1969) (internal citations omitted). And the applicable local rules authorize the district judges to transfer cases "at any time and for any reason." M.D. Fla. Local R. 1.07(a)(2)(A); *see also Stone*, 411 F.2d at 598 ("[The] contention that a district judge cannot transfer his arraignment calendar to another district judge without the consent of the

[parties] is patently frivolous.").  Accordingly, we find no error in Judge Barber's actions.

Finally, the district court did not abuse its discretion in modifying the pre-filing injunction.  The district court amply recounted Hooker's history of abusive litigation, as well as his more recent attempts to evade the pre-filing injunction by artful pleading.  The district court was within its discretion to modify the pre-filing injunction to better protect its jurisdiction.  *Martin-Trigona*, 986 F.2d at 1387.  And the modification does not "completely foreclose[]" Hooker from access to the courts.  *Procup*, 792 F.2d at 1074.  The modified injunction is limited solely to Hooker's claims about his employment and ban relating to Bay Pines, and Hooker may still file these claims with an attorney's signature.[2]  Thus, the district court did not abuse its discretion in modifying the injunction.  Because we find no error in the district court's actions, we **AFFIRM.**

**AFFIRMED.**

---

[2] As Hooker is not incarcerated, this case is distinguishable from *Procup* where we held a similar pre-filing injunction requiring attorney sign off for a prisoner's pleadings was too onerous.  *Procup*, 792 F.2d at 1071, 1074.  Hooker has a much greater ability to seek counsel to bring his claims than the prisoner in *Procup* did.