## In re ASBESTOS SCHOOL PRODUCTS LIABILITY LITIGATION.

### No. 624.

Judicial Panel on Multidistrict Litigation.

April 10, 1985.

Before ANDREW A. CAFFREY, Chairman, ROBERT H. SCHNACKE, FRED DAUGHERTY, SAM C. POINTER, Jr.,* S. HUGH DILLIN, MILTON POLLACK,* and LOUIS H. POLLAK, Judges of the Panel.

## ORDER DENYING TRANSFER

### PER CURIAM.

Presently before the Panel is a motion, pursuant to 28 U.S.C. § 1407, filed by three defendants in actions in this docket, to centralize in the Eastern District of Pennsylva-

---

* Judge Milton Pollack recused himself and took no part in the decision of this matter. In addi-

tion, Judge Sam C. Pointer, Jr. took no part in the decision of this matter.

nia for coordinated or consolidated pretrial proceedings the twenty actions [1] listed on the following Schedule A.

On the basis of the papers filed and the hearing held, we find that Section 1407 transfer would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of the litigation. Although we recognize that the actions in this litigation involve some common questions of fact, we are not persuaded that these common questions of fact will predominate over individual questions of fact present in each action. Moreover, we note that the common questions of fact involved in these actions have been extensively litigated for the past ten years in connection with thousands of personal injury actions arising from alleged asbestos exposure. We further note that 1) one action included in the Section 1407 motion has already been tried, and several other actions have been scheduled for trial within the next six months; and 2) the great majority of parties responding to the Section 1407 motion opposes centralization. The Panel concludes that centralization of these actions is inappropriate for many of the reasons expressed by the Panel in its previous rulings denying transfer of asbestos-related actions. *See In re Asbestos and Asbestos Insulation Material Products Liability Litigation*, 431 F.Supp. 906 (J.P.M. L.1977); *In re Asbestos Products Liability Litigation (No. II)*, MDL–416 (J.P.M.L., March 13, 1980) (unpublished order).

IT IS THEREFORE ORDERED that the motion for transfer, pursuant to 28 U.S.C. § 1407, be, and the same hereby is, DENIED.

## SCHEDULE A

### Northern District of Alabama

*Franklin County School Board, et al. v. Lake Asbestos of Quebec, Ltd., et al.*, C.A. No. CV84–HM–5435NW

### District of Colorado

*Adams-Arapahoe School District 28–J v. Celotex Corp., et al.*, C.A. No. 84–1974

### Southern District of Florida

*Greater Miami Hebrew Academy v. United States Gypsum Co.*, C.A. No. 84–0202–CIV–EPS

### Western District of Kentucky

*McCracken County Board of Education v. United States Gypsum Co.*, C.A. No. C83–0317P(J)

### Southern District of Mississippi

*Board of Trustees, Gulfport Municipal Separate School District v. National Gypsum Co.*, C.A. No. S–83–0943

### District of New Hampshire

*City of Manchester v. National Gypsum Co., et al.*, C.A. No. 83–143–L

*Town of Hooksett School District v. W.R. Grace and Co.*, C.A. No. C–83–761–L

### District of South Carolina

*Spartanburg County School District Seven v. National Gypsum Co., et al.*, C.A. No. 83–1744–14

### Eastern District of Tennessee

*The City of Greenville, Tennessee v. National Gypsum Co., et al.*, C.A. No. 2–83–294

*Sherry Wolfe, et al. v. United States Gypsum Co., et al.*, C.A. No. 2–83–329

*County of Johnson, Tennessee, etc. v. United States Gypsum Co., et al.*, C.A. No. 2–83–262

### Middle District of Tennessee

*Clarksville-Montgomery County Board of Education v. United States Gypsum Co., et al.*, C.A. No. 3–84–0315

---

**1.** The Section 1407 motion included one additional action—*County of Anderson, etc. v. United States Gypsum Co., et al.*, E.D.Tennessee, C.A. No. CIV–3–83–511—that was tried in March, 1985, resulting in a jury verdict for defendants and a subsequent order dismissing the action. Accordingly, the question of transfer of this action under Section 1407 is moot.

*Rutherford County Board of Education v. W.R. Grace and Co.,* C.A. No. 3–83–0582

### Western District of Tennessee

*Shelby County, Tennessee, et al. v. W.R. Grace and Co., et al.,* C.A. No. 84–2093 G.B.

### Eastern District of Texas

*Dayton Independent School District v. United States Gypsum Co., et al.,* C.A. No. B–81–277

*Evadale Independent School District v. United States Gypsum Co., et al.,* C.A. No. B–81–293

### Western District of Virginia

*County School Board of Amelia County Virginia, et al. v. United States Gypsum Co., et al.,* C.A. No. 84–0022C

### Eastern District of Pennsylvania

*Barnwell School District No. 45 v. United States Gypsum Co., et al.,* C.A. No. 83–1395

*Board of Education of the Memphis City Schools, et al. v. United States Gypsum Co., et al.,* C.A. No. 84–2312

*School District of Lancaster, et al. v. Lake Asbestos of Quebec, Ltd., et al.,* C.A. No. 83–0268