Joyce BAILEY, et al., Appellants,

v.

CAPITOL CITY TRADE AND TECHNICAL SCHOOL, Appellee.

No. CV-23455.

Court of Appeals of Texas, Austin.

Sept. 13, 1989.

Mary Ellen Felps, Austin, for appellants.

Kirt H. Kiester, Austin, for appellee.

Before SHANNON, C.J., and GAMMAGE and JONES, JJ.

PER CURIAM.

Appellants, Joyce Bailey, Nancy Hanus, Jose Luis Hinojosa, Eugenia Ortiz, Dee Pendergaft, Chris Powell, and Demetria O'Loughlin, filed their motion for extension of time to file cost bond on May 31, 1989.[1] Tex.R.App.P.Ann. 41(a)(2) (Supp.1989). After this Court submitted and dismissed their motion, appellants filed their motion for reconsideration on cost bond. We will overrule the motion for reconsideration.

Rule 41(a)(2) provides that an appellate court may extend the time for filing a cost bond

> if such bond ... is filed ... not later than fifteen days after the last day allowed and, within the same period, a motion is filed in the appellate court reasonably explaining the need for such extension.

1. The trial court entered judgment on April 17, 1989. Appellants filed a timely motion for new trial or to reinstate case on May 9, 1989. Tex.R. Civ.P.Ann. 329b (Supp.1989). Accordingly, the cost bond was due to be filed on or before July 17. A motion for extension of time was due on or before August 1. Tex.R.App.P.Ann. 41(a) (Supp.1989).

By the first motion, appellants' attorney asserted, as a reasonable explanation, that she "must attempt to determine to a greater certainty which ones desire to appeal and pursue their case. Contacting each is a lengthy and tedious process." That motion did not show that appellants had filed a cost bond as Rule 41(a)(2) requires. *See* Tex.R.App.P.Ann. 19(d) (Supp.1989).

By their motion for reconsideration, appellants offer the same reasonable explanation and have now attached to their motion a copy of a cost bond filed with the district clerk of Travis County on May 31, 1989.

Although we doubt whether appellants have reasonably explained the need for an extension, we overrule the motion based on appellants' failure to file a sufficient cost bond. *But see Garcia v. Kastner Farms, Inc.,* 774 S.W.2d 668 (Tex.1989). The cost bond states, "Now, therefore, I, [appellants' attorney], as principal and surety, acknowledge myself bound to pay ... Appellee...." Appellants' attorney has signed the bond as both principal and surety.

Texas R.App.P.Ann. 46(a) (Supp. 1989) provides, "Unless excused by law, the appellant shall execute a bond...." The rule requires that the party appealing must be named in the bond and must execute the bond as principal or have the bond executed by someone having legal authority to act for him. *Owen v. Brown,* 447 S.W.2d 883, 885 (Tex.1969). A bond executed by a stranger or non-party to the suit is insufficient to invoke the jurisdiction of the appellate court when filed on behalf of another who is a party to the suit. *Governing Board v. Pannill,* 561 S.W.2d 517, 522 (Tex.Civ.App.1977, writ ref'd n.r.e.).

Under the preceding rules, we conclude that the cost bond naming and signed by appellants' attorney, a non-party, as principal is insufficient to invoke the jurisdiction of this Court. This cause is distinguishable from those in which a proper appellant executes a bond and other unnamed appellants are later added by amendment. *See* Tex.R.App.P.Ann. 46(f) (Supp.1989); *Powell v. City of McKinney,* 711 S.W.2d 69 (Tex.App.1986, writ ref'd n.r.e.); *Warren v. Kyle,* 565 S.W.2d 313

(Tex.Civ.App.1978, no writ). In fact, the bond does not appear to be executed on behalf of any party-appellants because the attorney does not know who, if any, wish to appeal. *See Owen,* 447 S.W.2d at 884 (insurance company executed bond on behalf of the insurer); *Woods Exploration & Producing Co., Inc. v. Arkla Equipment Co.,* 528 S.W.2d 568 (Tex.1975) (amendment of certificate of cash deposit).

Additionally, appellants' attorney designates herself as principal and surety and has signed the bond in both capacities. A surety is one who promises to answer for the debt of another. *Crimmins v. Lowry,* 691 S.W.2d 582, 585 (Tex.1985); *Allied Bank of Texas v. Plaza DeVille Assoc.,* 733 S.W.2d 566, 571 (Tex.App.1987, wrt. ref'd n.r.e.). The positions of principal and surety are inconsistent; a person cannot be a surety for herself. *Universal Automobile Ins. Co. v. Culberson,* 51 S.W.2d 1071 (Tex. Civ. App.1932, no writ). Accordingly, it appears as if the bond is insufficient as a bond. *Id.* at 1072–73; *see also Fisher Construction Co. v. Riggs,* 320 S.W.2d 200 (Tex. Civ.App.), rev'd on other grounds, 325 S.W.2d 126 (Tex.1959).

We overrule the motion for reconsideration.