Jean **VENTURA,** Billie Green, Margaret Davis, Jack Martin, Anice Martin, Jean Lavota, and John Lavota, Sr., Relators,

v.

The Honorable J. Manuel **BANALES,** Judge, 105th Judicial District Court, Nueces County, Texas, Respondent.

No. 13–95–224–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 17, 1995.

Rehearing Overruled Sept. 7, 1995.

claim.

**424**

Gilberto Hinojosa, Magallanes, Sokat & Hinojosa, Brownsville, James H. Robichaux, Matthews & Branscomb, Corpus Christi, Andrew C. Schirrmeister, III, Zummo & Schirrmeister, Houston, for Intervenor.

Robert D. Kizer, Corpus Christi, for Relators.

J. Manuel Banales, Corpus Christi, for Respondent.

Before SEERDEN, C.J., and DORSEY and HINOJOSA, JJ.

## OPINION

SEERDEN, Chief Justice.

In this mandamus proceeding, relators, Jean Ventura and other representative members of a class of plaintiffs, contend that the trial court abused its discretion in failing to dismiss their lawsuit against Valero Refining Company, the real party in interest. We conditionally grant a writ of mandamus.

In June 1994, the relators filed a class action lawsuit against Valero for injuries to a class of surrounding residents who were allegedly exposed to toxic fumes released by Valero. Valero answered the lawsuit and discovery proceeded, but the trial court never heard or determined the question of class certification under Texas Rule of Civil Procedure 42(c), before the relators filed their motion for nonsuit on all claims against Valero on May 18, 1995. On May 22, 1995, Valero filed a counterclaim against the relators for declaratory judgment. The trial court denied relators' motion for nonsuit. Relators bring this mandamus to force the trial court to dismiss their lawsuit in accordance with their motion for nonsuit.

If the underlying lawsuit had not been filed as a class action, relators would clearly have been entitled to nonsuit, and would further be entitled to mandamus relief from this Court. In Texas, the plaintiff has an absolute right to take a nonsuit at any time before he has introduced all of his evidence. *Hooks v. Fourth Court of Appeals,* 808 S.W.2d 56, 59 (Tex.1991); *Rosenthal v. Ottis,* 865 S.W.2d 525, 527 (Tex.App.—Corpus Christi 1993, orig. proceeding); Tex. R.Civ.P. 162. A plaintiff's right to dismiss his suit exists from the moment a written motion is filed or an oral motion is made in open court, unless the defendant has, prior to that time, filed pleadings seeking affirmative relief. *Greenberg v. Brookshire,* 640 S.W.2d

870, 872 (Tex.1982); *Rosenthal,* 865 S.W.2d at 527. Moreover, in the absence of a claim by a defendant for affirmative relief, a trial judge's refusal to grant the nonsuit violates a ministerial duty and may be corrected by mandamus. *Hooks,* 808 S.W.2d at 59; *Greenberg,* 640 S.W.2d at 871.

However, Texas Rule of Civil Procedure 42, which governs class actions, specifies an exception to the general rule as follows:

> A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs.

Tex.R.Civ.P. 42(e). If this provision applies to the present lawsuit, the trial court has discretion to examine the nonsuit and to provide for proper notice to potential class members before approving dismissal of the lawsuit, in order to protect the interests of those class members. *See Bloyed v. General Motors Corp.,* 881 S.W.2d 422 (Tex.App.—Texarkana 1994, writ granted).

■ The primary issue before us is whether Rule 42(e) gives the trial court any discretion to refuse to dismiss a lawsuit brought as a class action before that lawsuit is certified as such under Texas Rule of Civil Procedure 42(c).[1]

■ There are no Texas cases which directly address this question. However, Valero contends that we may look to federal decisions for guidance in this area of the law, since Texas Rule 42 is generally patterned after Federal Rule of Civil Procedure 23. Specifically, Texas Rule 42(e) is identical to Federal Rule 23(e) concerning the requirement for approval of the trial court and notice before a class action may be dismissed or compromised. Because the Texas rule is patterned after its federal counterpart, federal decisions interpreting class action procedures provide authoritative guidance for the Texas courts. *Bloyed,* 881 S.W.2d at 428 n. 5; *Grant v. Austin Bridge Const. Co.,* 725 S.W.2d 366, 370 (Tex.App.—Houston [14th Dist.] 1987, no writ); *RSR Corp. v. Hayes,* 673 S.W.2d 928, 931–32 (Tex.App.—Dallas 1984, writ dism'd).

The federal courts have interpreted Federal Rule 23(e) to apply to a class action during the interim between filing and certification. Accordingly, even before the class action is certified, Federal Rule 23(e) protects the interests of those absent class members who gained knowledge of the filing of the lawsuit and may be prejudiced by the running of the statute of limitations [2] if they are not timely notified of the voluntary dismissal of that action. *See Diaz v. Trust Territory of the Pacific Islands,* 876 F.2d 1401, 1408 (9th Cir.1989); *Magana v. Platzer Shipyard, Inc.,* 74 F.R.D. 61, 66 (S.D.Tex.1977); *Newberg on Class Actions* § 8.19 (3rd Ed.1992). The trial court has an affirmative duty to make appropriate inquiry concerning the terms and circumstances of any dismissal or compromise in order to protect the absent class members from any prejudice to their interests. *Diaz,* 876 F.2d at 1408. Specifically with regard to voluntary dismissal by the class representatives, the likelihood of prejudice, resulting from reliance on the filing of the class action, compounded by the impending expiration of the statute of limitations at the time the class allegations are dismissed, generally requires appropriate notice to the class members. *Diaz,* 876 F.2d at 1409–10.

1. Rule 42(c) provides for the initial hearing and determination by the trial court whether a lawsuit brought as a class action may be maintained as such, after which notice must be given to the members of the class.

2. The United States Supreme Court has held that the filing of a class action suspends the applicable statute of limitations as to all asserted members of the class. *Crown, Cork & Seal Co. v. Parker,* 462 U.S. 345, 354, 103 S.Ct. 2392, 2397–98, 76 L.Ed.2d 628 (1983); *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 766–67, 38 L.Ed.2d 713 (1974); *see*

*also Diaz v. Trust Territory of the Pacific Islands,* 876 F.2d 1401, 1407 (9th Cir.1989). Texas likewise suspends the applicable statute of limitations as to all purported members of the class upon the filing of the class action, such that any time remaining on the statute of limitations of the class members' individual causes of action on the date of the filing of the lawsuit is restored and begins to run again on the date the class action is dismissed. *See Grant v. Austin Bridge Const. Co.,* 725 S.W.2d 366, 370 (Tex.App.—Houston [14th Dist.] 1987, no writ).

However, although the Texas and Federal rules regarding class actions may be virtually identical, we are also concerned here with the rules regarding the voluntary dismissal of actions generally. The Texas and Federal rules regarding voluntary dismissal are very different.

Federal Rule of Civil Procedure 41(a) governs the plaintiff's right to voluntarily dismiss a lawsuit in federal court. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394–95, 110 S.Ct. 2447, 2455, 110 L.Ed.2d 359 (1990).

Rule 41(a)(1) provides for voluntary dismissal by the plaintiff merely by filing notice thereof under the following conditions:

> Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the United States, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment....

The federal court has no discretion to deny plaintiff's right to dismiss under a timely-filed Rule 41(a)(1) notice of dismissal. The filing of such notice itself effectively terminates the case. *Williams v. Ezell*, 531 F.2d 1261, 1264 (5th Cir.1976); *American Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir.1963).

However, after answer or motion for summary judgment, Rule 41(a)(2) provides generally for the plaintiff's voluntary dismissal only "upon order of the court and upon such terms and conditions as the court deems proper." The federal court's denial of a Rule 41(a)(2) motion for voluntary dismissal is reviewed based on abuse of discretion, and the trial court should deny such a motion if granting it would cause the defendant to suffer some cognizable prejudice greater than the mere prospect of a second lawsuit. *Davis v. Huskipower Outdoor Equipment Corp.*, 936 F.2d 193, 199 (5th Cir.1991); *see also McGhee*, 317 F.2d at 298.

■ Accordingly, the Federal Rule generally requires court approval before the plaintiff may dismiss all but the most recently filed lawsuits and extends the power of the federal trial court over such dismissals to a much greater extent than the Texas Rule which liberally allows for voluntary dismissal by notice at any time before trial.

Parallels may be drawn between Federal Rule 41(a) concerning voluntary dismissals generally, and Federal Rule 23(e) with regard to class action dismissal specifically. The federal requirement for court approval of voluntary dismissals which may implicate the rights of potential class members even before the underlying class action is certified appears to be nothing more than an extension of the general federal approach which requires court approval of all such voluntary dismissals, the only difference being that the trial court is here charged with protecting not only the rights of adverse parties, but also the rights of the potential class members.

However, because the Texas Rule generally allows the plaintiff much greater latitude to dismiss or nonsuit at any time without the trial court's approval, we do not feel compelled to follow federal authority which would graft onto Texas Rules 162 and 42(e) an additional requirement for trial court examination and approval of a voluntary dismissal even before the class is certified. The mere possibility that some potential class members may carelessly rely on the continuation of the lawsuit to their detriment is an insufficient justification to interfere with the well-settled right of a Texas plaintiff to nonsuit his case at any time that he chooses before trial.

We hold that Texas Rule 42(e) does not abrogate the general principle set out in Rule 162 that the plaintiffs have an absolute right to nonsuit their pre-certification class action. The trial court is then required to fulfill its ministerial duty of entering an order of dismissal. In the present case, the trial court abused its discretion in denying relators' right to voluntary dismissal.

Accordingly, we conditionally grant a writ of mandamus ordering the trial court to vacate its order denying the motion for nonsuit, and to enter an order of dismissal. The present writ of mandamus will not issue unless the trial court fails to comply with the opinion of this Court.