**ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Southern Pacific Transportation Company, and Sammie Brown, et al., Appellants,**

v.

**VOLUNTARY PURCHASING GROUPS, INC., Bonny Corporation, and Meridian Housing Company, Appellees.**

No. 06–96–00005–CV.

Court of Appeals of Texas, Texarkana.

Submitted April 10, 1996.

Decided May 13, 1996.

Order Overruling Rehearing July 25, 1996.

Windle Turley, R. Christopher Cowan, Law Offices of Windle Turley, David Weiner, Dallas, for Sammie Brown, et al.

Mark Calhoun, Calhoun & Stacy, Dallas, for St. Louis Southwestern Railway Co., Southern Pacific Transportation Company.

Jeff Thomas, Greenville, for Henry Swindell, et al.

Roger D. Sanders, Sanders Mumm O'Hanlon Motley, Sherman, Winford L. Dunn, Jr., Dunn, Nutter, Morgan, Shaw, Texarkana AR, Joseph F. Guida, Guida, Slavich, Flores, Dallas, for Voluntary Purchasing et al.

## OPINION

GRANT, Justice.

St. Louis Southwestern Railway Company, Southern Pacific Transportation Company, and individuals too numerous to list, all of whom were designated as involuntary plaintiffs, appeal from their unwilling addition to this suit by a class certification. The appellees consist of Voluntary Purchasing Group, Inc., the Bonny Corporation, and Meridian Housing Company, which is the successor corporation to Universal Chemical Company, which is the successor corporation to Hi–Yield Fertilizer Company, Inc., and Hi–Yield Chemical Company, Inc., who were named as defendants in the suit below, and numerous individuals who brought the suit as plaintiffs and who sought class certification.

The appellants contend that the trial court erred because:

1) no class certification hearing was held;
2) notice of proposed class certification was not given;

3) no pleading or proof of TEX.R.CIV.P. 42(b)(1)(A) was made;

4) no pleading or proof of a limited recovery fund was made, thus 42(b)(1)(B) could not apply;

5) the settlement/injunction order entered by the trial court after the appeal was filed was improper; and

6) even if that order was properly entered, the injunction must be reversed because the movants did not comply with the Rules of Civil Procedure in obtaining the order.

Appellees bring cross-points in which they contend that the appeal was not properly taken because no final order was entered by the court and that the appeal bond is inadequate.

Voluntary Purchasing Group (hereafter VPG)[1] is a company that, in its corporate past, is alleged to have released various toxic chemicals into the environment. The defendants allegedly acted together in maintaining a toxic dump near Sulphur Springs. The plaintiffs claim injury due to the alleged release of arsenic and defoliants, including dioxin and agent orange into the environment. VPG is a defendant in sixteen lawsuits brought by over a thousand allegedly injured parties in various counties of Texas. The class action presently before this Court is lawsuit number seventeen.

The appellants in this case are plaintiffs in other lawsuits who have been brought unwillingly in as members of the class action. The appellees consist of the plaintiffs who initiated the class action **and** the defendants named in the class action. The time sequence of the petition, answer, and order was unusually close.

Plaintiffs (appellees) filed their original petition at 11:29 a.m., December 21, 1995, and filed a motion for class certification at 11:29 a.m. On that same date, VPG filed its answer at 11:34 a.m., and at 11:53 a.m. the class certification order signed by the trial judge was filed.

In that order, the trial judge acknowledged the filing of the action and stated that:

The same having been duly considered by the Court after presentation of legal citation and oral argument by the parties hereto, and supported adequately, to the extent necessary, by evidence or referenced evidence, including the existence of a proposed class settlement, the Court finds that the requirements of TRCP Rule 42(a), (b)(1)(A), (b)(1)(B) have been met....[2]

IT IS THEREFORE ORDERED AND DECREED that the motion of Plaintiffs for class certification, supported by the Defendants, be and it is hereby granted, and that this action is certified as a class action, pursuant to the provisions of TRCP Rule 42 and subject to further order of the Court on behalf of all persons who, through the trial court's final approval of Class certification herein, claim on behalf of themselves or others any right of recovery against any of the Defendants or their privies as a result of any acts or omissions relating to the facilities owned or operated by any said Defendant or its privies....

....

IT IS FURTHER ORDERED that the attorneys ... submit to the Court a Proposed Form and Order of Notice to be given to Class members for the purpose of determining any objections to a proposed settlement of this matter, all subject to further order of the Court.

An appeal bond was filed by the attorney for some of the unwilling members of the class on January 10, 1996. On January 11, the trial court signed an "Order Preliminarily Approving Settlement, Certifying Temporary Class for Settlement, and Approving the Form and Manner of Notice." The order covers a number of areas, including the form of notice to be given to potential claimants. It concludes by enjoining the plaintiffs in the other sixteen lawsuits from prosecuting those actions against VPG and also purports to stay those lawsuits "in aid of this Court's

---

1. It appears that the other named corporate entities are wholly or substantially owned by VPG.

2. Although this language suggests some sort of evidentiary hearing, the court reporter signed an affidavit stating that no record was made of any hearing in this case.

jurisdiction over the Class Members, VPG, and the pending class action settlement." The court goes on to state that "Class Members are not entitled to opt out of the Class, which is mandatory pursuant to Tex.R.Civ.P. 42(b)(1)(A) and 42(b)(1)(B), and the Notice of Settlement therefore does not provide the right to opt out of the Class.

## CROSS-POINTS

Because the cross-points raised by appellees are jurisdictional in nature, we first address those points, reserving appellant's points for later discussion. We first address VPG's contention that no final order has been entered and that the appeal is therefore premature, being from a mere "preliminary" decision of the trial court.

■ Tex.R.Civ.P. 42(c)(1) provides that a trial court will "[a]s soon as practicable after the commencement of an action brought as a class action ... after hearing, determine by order whether it is to be so maintained." There is no question that the trial court acted immediately after the commencement of the action. Counsel points out that the order has language suggesting that some other ruling may eventually be made about the propriety of proceeding as a class and that this language causes the order to lack finality. This argument disregards the remainder of Rule 42(c), which states that "[t]his determination [of the propriety of proceeding as a class] may be altered, amended, or withdrawn at any time before final judgment."

By its very definition under the statute, a trial court's determination that an action should proceed as a "class action" is never absolutely final until the final judgment is entered. Thus, the language found in the various orders identifying the group as a "temporary class" has no meaning beyond that provided in the statute.

To adopt the argument of appellee in this regard would eviscerate Tex.Civ.Prac. & Rem. Code Ann. § 51.014(3) (Vernon Supp.1996), which expressly permits an appeal from an order that certifies or refuses to certify a class. Indeed, there is authority suggesting that although a party can appeal from an order that certifies or refuses to certify a class, if the party does not appeal from the first version of the order, a later amended version of the order expanding the class may not be appealable, except perhaps so far as it changes the original order. *Pierce Mortuary Colleges v. Bjerke*, 841 S.W.2d 878 (Tex. App.—Dallas 1992, writ denied). Appellee's cross-point is without merit.

■ VPG further contends by cross-point that the bond is inadequate, being signed by an attorney rather than by a party as the principal. VPG cites *Bailey v. Capitol City Trade and Technical School*, 777 S.W.2d 558 (Tex.App.—Austin 1989, no writ), as providing that the party appealing must execute the bond as principal. That rendition ignores a plethora of problems discussed by the Austin court. In the *Bailey* case, the attorney signed as both principal and surety and stated that he did not even know if his clients wished to appeal. Based on that state of affairs, the Austin court held that the bond was inadequate, but also noted that the party appealing may have the bond executed by someone having legal authority to act for him.

■ A court of appeals has jurisdiction over an appeal when the appellant makes a bona fide effort to perfect the appeal. *City of San Antonio v. Rodriguez*, 828 S.W.2d 417 (Tex.1992). Even if some fatal error had occurred, the party would therefore have the opportunity to cure the error by amendment. In this case, out of an abundance of caution, we have required the attorney who signed as principal to file documents reflecting his authority to act on behalf of the appellant. The bond requires no amendment and is proper and sufficient. This cross-point is overruled.

## APPELLANT'S POINTS OF ERROR

### Mandatory Class Certification

■ We now turn to the complaints raised by appellants. In any review of a class certification, this Court should reverse the certification order only if the record shows a clear abuse of discretion. *American Express Travel Related Servs. Co. v. Walton*, 883 S.W.2d 703, 711 (Tex.App.—Dallas 1994, no writ). An abuse of discretion is shown if

the trial court acts without reference to any guiding principles or acts arbitrarily or unreasonably. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 242 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). A clear failure by a trial court to analyze or apply the law correctly is an abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992).

**Hearing–Notice**

The Railroad first contends that the trial court erred by entering the order because no class certification hearing was held and because notice of proposed class certification was not provided to the potential members. TEX.R.CIV.P. 42(c)(1) requires the district court to hold a hearing "[a]s soon as practicable after the commencement of the action" to determine whether the action should be maintained as a class action. In its motion to dismiss the appeal, VPG stated that no hearing had been held.[3]

**Rule 42(a)**

■ The plaintiffs below had the burden to establish their right to a class action. *Clements v. LULAC,* 800 S.W.2d 948, 952 (Tex.App.—Corpus Christi 1990, no writ). A class action may be maintained if the movants prove (1) the class is so numerous that joinder is impracticable, (2) the class has common questions of law or fact, (3) the representatives' claims are typical of the class claims, and (4) the representatives will fairly and adequately protect the class interests. TEX.R.CIV.P. 42(a).

■ The *no evidence and insufficient evidence* standards do not apply to the initial certification under TEX.R.CIV.P. 42. To provide such a review at this stage of the litigation would require a determination of the merits of the plaintiffs' claims, which is not appropriate when reviewing a class certification order. *Dresser Industries v. Snell,* 847 S.W.2d 367, 376 (Tex.App.—El Paso 1993, no writ). A trial court does not have to apply evidentiary standards when determining the initial class certification order, but the trial court need only have before it sufficient material, which need not necessarily be evidence, to determine the nature of the claims at issue. *Snell,* 847 S.W.2d at 376.

■ At the initial certification stage, the trial court is not required to try the merits of this aspect of the cause of action. *See Blackie v. Barrack,* 524 F.2d 891, 901 (9th Cir. 1975). While the plaintiff has the burden to establish the right to maintain a class action, the class proponents are not required to prove a prima facie case in order to be certified. *Life Insurance Co. of Southwest v. Brister,* 722 S.W.2d 764 (Tex.App.—Fort Worth 1986, no writ). The class proponents, however, must do more than merely allege that requirements have been met and must at least show some facts to support certification. *Brister,* 722 S.W.2d at 772.

■ The review of the trial court's determination that the case should proceed as a class action is limited to determining whether the trial court abused its discretion. *Brister,* 722 S.W.2d at 770. We believe that formal evidence is not required for a determination in the sense of tendering evidence in a form meeting the requirements of the Rules of Civil Evidence.[4] Rather, the requirement is that the judge have sufficient material to determine the nature of the allegations and rule on the compliance with the rule's requirement. *National Gypsum v. Kirbyville Independent School Dist.,* 770 S.W.2d 621,

---

3. Although it does not really fit under any of the points of error, the Railroad also complains because the named attorneys who are representing the "class" are representing plaintiffs who are suing the Railroad in other, unrelated suits. They quite logically complain that this sort of representation is unethical and believe that the court's order setting the named counsel as their attorney for this action should be overruled. They use this as an additional reason to complain of lack of notice of the certification hearing because they have been denied their opportunity to complain.

4. There are two Texas cases holding that the trial court abuses its discretion when it certifies a class based upon factual assertions not supported by competent evidence. *Cedar Crest Funeral Home v. Lashley,* 889 S.W.2d 325, 328 (Tex. App.—Dallas 1993, no writ); *Mahoney v. Cupp,* 638 S.W.2d 257, 261 (Tex.App.—Waco 1982, no writ). The *Mahoney* case (relied upon by the *Cedar Crest Funeral Home* case) is a pre-rules of evidence case holding that hearsay had no probative value.

626 (Tex.App.—Beaumont 1989, writ dism'd w.o.j.). This material need not be in the form of formal evidence, but it can be material in the form of affidavits or other forms of proof which provide sufficient material for the judge to determine the nature of the allegations.[5]

 Thus, even in the absence of any proof of their veracity, the trial court could have rendered its decision based solely upon the pleadings. The trial court did not abuse its discretion in this regard. However, the rule specifically provides that the court shall make its determination *after conducting a hearing.* TEX.R.CIV.P. 42(c). Failure to conduct a hearing, with opportunity for the opposing parties to be heard, constitutes an abuse of discretion.

The Railroad also contends that reversible error is shown because no notice of the proposed mandatory class certification was given to admittedly known parties already engaged in the sixteen other lawsuits. This precise question has never been addressed in Texas courts. However, because the Texas rule is patterned after its federal counterpart, federal decisions interpreting class action procedures provide authoritative guidance for the Texas courts. *Ventura v. Banales,* 905 S.W.2d 423, 425 (Tex.App.—Corpus Christi 1995, no writ); *Bloyed v. General Motors Corp.,* 881 S.W.2d 422, 428 n. 5 (Tex.App.— Texarkana 1994), *aff'd,* 916 S.W.2d 949 (Tex. 1996); *Grant v. Austin Bridge Const. Co.,* 725 S.W.2d 366, 370 (Tex.App.—Houston [14th Dist.] 1987, no writ); *RSR Corp. v. Hayes,* 673 S.W.2d 928, 931–32 (Tex.App.— Dallas 1984, writ dism'd).

The Eleventh Circuit has directly addressed the issue of notice in this context. In *In re Temple,* 851 F.2d 1269 (11th Cir. 1988), the Court reviewed a situation in which a mandatory class action was certified by a federal district court because of an allegation of limited funds for recovery. That court also issued an order staying a number of cases in various stages of litigation. The petitioners before the federal circuit court complained that they were never given notice of the proposed mandatory certification and that they had no opportunity to present evidence in an adversarial proceeding. They sought mandamus relief from the circuit court because interlocutory appeal of such an order is not available in the federal system. The Court concluded that the district court's order violated the individual constitutional rights of the petitioners because the court's failure to notify petitioners of the certification hearing violated due process.[6] The court in *Temple* held that, unlike a situation in which a plaintiff

> may opt out of the action and have no need for prior notice of efforts to obtain class certification, members of a mandatory class need to be provided with notice to contest the facts underlying a certification they may strenuously oppose.

851 F.2d at 1272.

The circuit court also pointed out that the nonadversarial nature of the proceedings below led to the district court's "premature and speculative finding that a limited fund existed."

 We agree with and apply the reasoning of the circuit court. The trial court acted outside its authority by certifying a mandatory class action without providing notice to those who might want to contest its nature or creation. Denying constitutional protections constitutes an abuse of discretion. *Star–Telegram, Inc. v. Walker,* 834 S.W.2d 54, 55 (Tex.1992). This point of error is sustained.

---

5. The case of *Clements v. LULAC,* 800 S.W.2d 948, 952 (Tex.App.—Corpus Christi 1990, no writ), states, "The trial court may base its decision on the pleadings *or* other material in the record." (Emphasis added.) But the case cites *National Gypsum v. Kirbyville Independent School Dist.,* 770 S.W.2d 621 (Tex.App.—Beaumont 1989, writ dism'd w.o.j.), which does not use the disjunctive *"or"* but uses the language "the pleading *and* material."

6. Similar results were reached *In re Northern Dist. of Calif., Dalkon Shield IUD Products Liability Litigation,* 693 F.2d 847 (9th Cir.1982), *cert. denied sub nom., A.H. Robins, Inc. v. Abed,* 459 U.S. 1171, 103 S.Ct. 817, 74 L.Ed.2d 1015 (1983), and *In re Bendectin Products Liability Litigation,* 749 F.2d 300, 306 (6th Cir.1984) (involving method of examining relevant certification facts clearly erroneous where the petitioners were given no opportunity to dispute whether there was a limited fund).

**Sufficiency of the Evidence to Support Certification Under Rule 42(b)(1)(A)**

▉ The Railroad next contends that the trial court erred by entering the order certifying the class because the parties had neither pleadings nor proof to support the court's finding that a class was proper under the authority of Rule 42(b)(1)(A).[7] Under that subsection (b), a class may be certified if, in addition to meeting the four-prong requirements of 42(a), the court finds that:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

(A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or . . .

The entirety of plaintiffs' request for certification is found in its original petition. It alleges the existence of facts supporting each of the four prongs of Rule 42(a) and then continues in its entirety as follows:

Further, Plaintiffs show that this class action is maintainable pursuant to T.R.C.P. 42 for the reason that the common questions of law and fact concerning the diminution of real property values, nuisance, trespass and adverse health effects predominate over any questions affecting only individual members and the class action is superior to other methods available for the fair and efficient adjudication of the controversy.

The pleading does not match this subsection of Rule 42(b)(1)(A) in any respect. When the only risk is that some plaintiffs may win while others may lose on identical facts, the problem of inconsistent or varying adjudications is not raised. That portion of the rule applies to situations where inconsistent judgments in separate suits places a defendant in the position of not being able to comply with one judgment without violating the terms of another.

*In re Bendectin Products Liability Litigation,* 749 F.2d 300, 306 (6th Cir.1984).

**Rule 42(b)(1)(B)**

Appellees further contend that Rule 42(b)(1)(B) has not been adequately supported by either pleading or proof. That subsection reads as follows:

(1) the prosecution of separate actions by or against individual members of the class would create a risk of

. . . .

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

In a situation where a showing of a limited fund has been made, this subsection is interpreted to require a mandatory class in order to provide all claimants some portion of whatever recovery is available. Again, as in the preceding analysis, even the language of the pleading does not provide any support for this finding by the trial court. However, there is language in the associated "PLAINTIFF'S MOTION FOR CLASS CERTIFICATION" that does raise the spectre of a limited fund for recovery. It does not provide any specific information beyond that global statement.[8] The record provides no information in any document about the financial condition of VPG.

Although class proponents are not required to prove a prima facie case in order to be certified as a class, they must do more than merely allege that the requirements have been met. *Brister,* 722 S.W.2d at 772.

▉ In this case, there is no material to support the trial court's finding that this subsection applies because there is nothing other than the broad assertion of a limited fund to be found in the record. Thus, the

---

7. The critical point about certification under subsections (A) and (B) of Rule 42(b)(1) is that they are the sole means under the rule for obtaining certification of a mandatory class from which members may not opt out.

8. "Plaintiffs herein move to certify this class as a mandatory non-opt-out class because of (1) the financial status of 'VPG', and (ii) (sic) the limited fund of money available for all of the claimants who have been damaged as a result of the activities of 'VPG.' "

trial court had nothing before it which would permit it to reasonably reach even a preliminary conclusion that a limited fund existed. The trial court abused its discretion by certifying a class based upon this subsection of the rule.

### The Validation of the Second Order

■ The Railroad next contends that the trial court abused its discretion by entering an additional order after the appeal had been filed. TEX R.APP.P. 43(d) provides that:

> Pending an appeal from an interlocutory order, the trial court retains jurisdiction of the cause and may issue further orders, including dissolution of the order appealed from, *but the court shall make no order granting substantially the same relief as that granted by the order appealed from,* or any order contrary to the temporary orders of the appellate court, or any order that would interfere with or impair the effectiveness of any relief sought or granted on appeal. . . .

The later order is on the same topic as the one appealed from and grants substantially the same relief, as well as additional relief and a stay/injunction discussed below. Therefore, the trial court acted in a manner specifically forbidden by Rule 43. This point of error is sustained.

### Injunction Against Parties and Other District Courts

■ Even if that order were properly entered, the injunction (or stay order) directing the newly added class members not to proceed with other litigation against VPG must be dissolved because the movants did not comply with the Rules of Civil Procedure governing injunctive relief in obtaining the order. An injunction is obtained through methods set out by TEX.R.CIV.P. 681–83. As pointed out by appellants, VPG did not file a sworn petition as required by Rule 682, did not provide notice as required by Rule 681, and did not file an applicant's bond as required by Rule 684. The order also contains language purporting to stay the actions in other district courts. This more closely resembles a stay order that might be issued by an appellate to a trial court, or by the Texas Supreme Court to a court of appeals.

There are no Texas cases involving the sort of problem shown here, and no separate procedure is set up to provide for either a stay or such an injunction against parties in the suit. In the federal system, prior suits that are impacted by the filing of a later class action are typically transferred from one district court to another by the "Judicial Panel on Multidistrict Litigation" in order to avoid a multiplicity of suits on the same topic and in order to promote the just and efficient conduct of the actions. 32A AM.JUR.2D *Federal Courts* §§ 1731–753 (1995).

In addition, the federal version of the rule has a section—which was omitted by the Texas Rule—which allows the trial court to enter orders regulating the conduct of the action. FED.R.CIV.P. 23(d) has been read to permit the trial court to take almost any action that will assist in the presentation of the case. Thus, arguably, an injunction or stay against the parties is supportable under the federal rule as "imposing conditions on the representative parties or on intervenors." This argument cannot be applied under the state rule because no such counterpart exists. Under Texas law, there is no authority permitting one district court to stay an action in another district court.

Thus, even if the second order were valid, there is no authority to support the injunctive relief provided against either the parties or other district courts.

The second order entered by the trial court during the course of the appeal is dissolved. The injunction/stay order is dissolved. The order of the trial court certifying a mandatory class action is reversed and remanded to the trial court for further proceedings in accordance with this opinion.

### ON MOTION FOR REHEARING

■ The appellees complain in their motion for rehearing that this Court has not adequately addressed its general contention that this action was properly taken as a settlement class. The Supreme Court used the term *settlement class* in *General Motors Corp. v. Bloyed,* 916 S.W.2d 949 (Tex.1996),

but the use of this term did not create an entirely new and different standard for application of the rules governing the certification of a class. The Supreme Court did not adopt some lesser standard for the review of a class certification when a settlement was simultaneously proposed. The Supreme Court specifically said, "The trial court must assume its role as guardian of the class not only in approving class settlements, but also in deciding whether to certify a class in the first place."

The issue of notice and due process simply did not arise in *Bloyed*, because notice had been sent to the prospective class members, along with opt-out information, before the class was certified. We find no language in Texas statutes, rules, or case law creating some separate category for a settlement class. Our review indicates that generally the term is used as a shorthand rendering of the concept that a class was certified and a settlement is proffered.

The Court in *Bloyed* does state that it is possible to resolve the question of whether to certify a class and review the proposed settlement in a single proceeding, and then sets out the Rule 42 standards to be employed in that situation. *Bloyed*, 916 S.W.2d at 958. This does not reflect any intent to create a different standard for review of a class certified for the purposes of a class settlement rather than a trial.

In *Bloyed*, the Court cited as a primary authority the case of *In re General Motors Corp. Pick–Up Truck Fuel Tank Prods. Liability Litigation*, 55 F.3d 768, 798 (3d Cir. 1995). In that opinion, the Third Circuit Court acknowledged that some federal courts appear to have assumed that lower standards apply when certifying a class in settlement class cases, but specifically rejected such standards because these lower standards failed to comply with the federal rules governing class certification. The *Bloyed* opinion contains language approving federal cases in which the need for great caution in class settlements is discussed in depth, and in which due process was carefully upheld in order to preserve the rights and interests of the proposed class. *Bloyed*, 916 S.W.2d at 952–55, 957–59.

The present case is not factually on point with *Bloyed*. In the present case, the class was certified, without notice to the parties, without due process protections to class members, in what purported to be a mandatory (or a non-opt-out) context.

The motions for rehearing are overruled.