**ELM CREEK OWNERS ASSOCIATION, Appellant,**

v.

**H.O.K. INVESTMENTS, INC., Appellee.**

**No. 04–99–00173–CV.**

Court of Appeals of Texas, San Antonio.

July 21, 1999.

Rehearing Overruled Dec. 28, 1999.

---

Barry Snell, Bayne, Snell & Krause, L.L.P., San Antonio, for Appellant.

R. Laurence Macon, Katherine Compton, Stephan B. Rogers, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, for Appellee.

Sitting: ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice.

## OPINION

Opinion by: PAUL W. GREEN, Justice.

The trial court certified a mandatory class of defendants in a suit involving the validity of deed restrictions. The question on appeal is whether due process requires notice to the potential class members before the certification hearing. Because pre-certification notice was not required by either due process or the rules of civil procedure, we affirm.

### Background

In 1992, Elm Creek Owners Association and DL Joint Venture entered an agreed judgment declaring certain land within the Elm Creek Subdivision to be part of a greenbelt subject to passive-use restrictions. In 1993, Elm Creek sold the property to HOK Investments, Inc., which believed it could develop thirty acres within the greenbelt based on statements made by Elm Creek board members. After a change in board membership, Elm Creek sought a declaratory judgment to enforce the 1992 judgment. To quiet its title, HOK filed a bill of review to set aside the 1992 judgment. HOK also alleged breach

of contract, misrepresentation, and fraud. The trial court consolidated the two actions.

In 1999, HOK moved to certify a class of defendants, including current and former owners of property in Elm Creek Subdivision. At the hearing on the motion, Elm Creek claimed HOK violated due process by failing to tell the potential class defendants about the hearing. In reply, HOK argued no notice was necessary. Alternatively, HOK asserted it satisfied any notice requirement by sending the property owners two letters. At the conclusion of the certification hearing, the trial court certified a mandatory class of defendants, divided into three subclasses.[1] Elm Creek appealed, challenging the notification procedure used before the certification hearing.

### Standard and Scope of Review

■■■ We review a trial court's decision to certify a class with the abuse of discretion standard. *Health & Tennis Corp. v. Jackson,* 928 S.W.2d 583, 587 (Tex.App.—San Antonio 1996, writ dism'd w.o.j.). Under this standard, we examine due process issues de novo. *See Owens–Corning Fiberglas Corp. v. Malone,* 972 S.W.2d 35, 45 (Tex.1998); *Remington Arms Co., Inc. v. Luna,* 966 S.W.2d 641, 643 (Tex.App.—San Antonio 1998, pet. denied). A trial court abuses its discretion when it denies constitutional protections like due process. *See Star–Telegram, Inc. v. Walker,* 834 S.W.2d 54, 55 (Tex.1992).

### Discussion

■■■ Elm Creek contends that due process requires notice to potential class members before the class is certified, separate from the class proponent's duty to provide notice after the class is certified.[2] In evaluating this contention, we first determine whether Elm Creek has a liberty or property interest that is entitled to procedural due process protection; and, if so, we then determine what process is due. *See University of Tex. Med. Sch. at Houston v. Than,* 901 S.W.2d 926, 929 (Tex. 1995) (citing *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 428, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982)).

Elm Creek asserts the potential class members have a protected interest in the right to appear in court, contest the class certification, and controvert the adequacy of the class representatives. For authority, Elm Creek relies on three cases: *St. Louis Southwestern Railway v. Voluntary Purchasing Groups, Inc.,* 929 S.W.2d 25 (Tex.App.—Texarkana 1996, no writ); *In re Temple,* 851 F.2d 1269 (11th Cir.1988); and *In re M.M.O.,* 981 S.W.2d 72 (Tex. App.—San Antonio 1998, orig. proceeding).

In *St. Louis,* the defendant moved to certify a mandatory class of plaintiffs comprised of parties who had sued it in various Texas counties. 929 S.W.2d at 28. The Texarkana Court of Appeals held the trial court abused its discretion in certifying a mandatory class without first conducting a hearing. *Id.* at 31 (citing Tex.R. Civ. P. 42(c)(1)). Alternatively, the court held that due process required notice to be given to proposed class members before the class certification. *Id.* Rather than identify an interest protected by due process, the Texarkana Court cited an Eleventh Circuit opinion for the proposition that due process demanded pre-certifica-

---

**1.** *See* Tex.R. Civ. P. 42(a), 42(b)(3). The subclasses include (1) all property owners in Elm Creek Subdivision between October 11, 1991 and February 10, 1992; (2) current owners opposed to development; and (3) current owners favoring development or settlement. Elm Creek represents the first two classes.

**2.** Post-certification notice is required by Tex.R. Civ. P. 42(c)(2). In a mandatory class,

the post-certification notice must express "the right of any member to appear before the court and challenge the court's determinations as to the class and its representatives." *Id.* Similarly, the notice in an opt-class must state "the court will exclude [the member] from the class if he so requests by a specified date." *Id.*

tion notice. *Id.* (citing *In re Temple*, 851 F.2d 1269, 1272 (11th Cir.1988)).

The Eleventh Circuit opinion in *Temple* also fails to explicitly identify a protected due process interest. *See* 851 F.2d at 1272. As in *St. Louis*, the *Temple* defendant moved to certify a mandatory class comprised of plaintiffs who had sued it in various state courts. 851 F.2d at 1271. The Eleventh Circuit explained that the certification order placed the plaintiffs in a "drastic predicament," "essentially mov[ing] their cases back to square one." *Id.* Implicitly, the Eleventh Circuit identified the property interest at stake in both *Temple* and *St. Louis:* a plaintiff's right to judicial resolution of pending litigation separate from the proposed class action.[3] This interest is not raised in the case before us. Accordingly, we find Elm Creek's reliance on *St. Louis* and *Temple* to be misplaced.

Elm Creek also relies on our opinion in *M.M.O.* where child support recipients sued the Attorney General to set aside arrearage judgments that failed to include accrued interest. 981 S.W.2d at 77. We concluded the trial court abused its discretion in certifying a plaintiffs' opt-out class because any judicial determination between the class and the Attorney General would be merely advisory. *Id.* at 81. Although we mentioned pre-certification notice, we were specifically discussing actual defendants, should the child support obligors be added to the litigation. *See id.* (citing cases based on Tex.R. Civ. P. 21a). Any reference to pre-certification notice to potential parties was dicta to which we are not bound. *See In re Estate of Chavana*, 993 S.W.2d 311, 315 (Tex.App.—San Antonio 1999, no pet. h.) (refusing to follow court's own dicta).

We can find no authority that supports Elm Creek's assertion that potential class members have a protected interest in the right to contest the class and the adequacy of its representation. To the contrary, "[t]he right to notice and a hearing is not a property interest; notice and a hearing are the process used to protect a property interest, not the interest itself." *Grounds v. Tolar I.S.D.*, 856 S.W.2d 417, 425 (Tex.1993) (Hecht, J., dissenting); *see also Ex parte Montgomery*, 894 S.W.2d 324, 328 (Tex.Crim.App.1995). If a protected interest exists in this case, it arises only when the class is certified—at which point, the rules of civil procedure require notice.[4]

## Conclusion

Due process does not require pre-certification notice to be sent to mandatory class members. Therefore, the trial court did not abuse its discretion in certifying the class. Accordingly, we affirm the trial court's order.

---

3. Under the federal class action rule, notice to mandatory class members is "not an absolute requisite of due process." *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 256 (3d Cir. 1975); *see also Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 412 (5th Cir.1998). The federal analysis is particularly instructive because the federal class action rule, unlike our state rule, requires no post-certification notice to mandatory class members. *Compare* Tex.R. Civ. P. 42(c)(2), *with* Fed.R.Civ.P. 23(c)(2), 23(d)(2). "In the class action context, notice is simply a means for assuring [the] adequacy [of class representation], not an end in itself." *United States Trust Co. v. Alpert*, 163 F.R.D. 409, 420 (S.D.N.Y.1995).

4. The notice requirement was added in 1977, suggesting that our rule was amended to address the due process concerns discussed in *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). *See* Tex.R. Civ. P. 42 historical notes & cmts.